# IN THE SUPREME COURT OF IOWA

No. 09–0709

Filed October 29, 2010

**IN RE THE DETENTION OF
MARVIN ALLEN MEAD,**

**MARVIN ALLEN MEAD,**

Appellant,

---

Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.

In this interlocutory appeal, the respondent in a sexually violent predator civil commitment action argues the district court erred in holding a second Iowa Code section 229A.5(2) probable cause hearing. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Michael H. Adams, Assistant Public Defender, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson and Susan R. Krisko, Assistant Attorneys General, and Michael J. Walton, County Attorney, for appellee.

**BAKER, Justice.**

In this interlocutory appeal, Marvin Mead, the respondent in a sexually violent predator (SVP) civil commitment action argues: (1) the district court erred when it denied his motion to dismiss and held a second Iowa Code section 229A.5(2) (2007) probable cause hearing as there is no statutory authority for a second hearing, (2) the court violated his right to due process when it held a second probable cause hearing, and (3) the court lacked jurisdiction to hold a second probable cause hearing because the State's second SVP petition was filed at a time when the respondent was being wrongfully held as the original probable cause order had been vacated and he had already discharged his criminal sentence. We find the district court erred in vacating the original finding of probable cause, as sufficient evidence existed to provide probable cause to believe that Mead is an SVP.

## I. Background Facts and Proceedings.

In 1986, Marvin Mead was convicted of burglary in the first degree and two counts of sexual abuse in the third degree. Mead pleaded guilty to these crimes and received a twenty-five year term of imprisonment for burglary and two ten-year prison terms for sexual abuse, to run consecutively. His anticipated release date for these offenses was October 1, 2008.

On September 24, 2008, the State filed a petition alleging that Mead is an SVP, and pursuant to Iowa Code chapter 229A, should be committed to the department of human services for care, control and treatment in a secure facility. This petition was accompanied by a statement of probable cause in accordance with the requirements of chapter 229A. This statement explained Mead's past sexual offenses and the preliminary findings of Dr. Canton Roberts, a psychologist hired by

the State to determine if probable cause existed to commit Mead under chapter 229A. Roberts's findings were based upon his review of Mead's records and his personal interview with Mead on September 22.

A probable cause hearing was held on September 29. At the hearing, the court concluded that probable cause existed to believe that Mead is an SVP as defined in section 229A.2. The court ordered Mead to undergo a medical evaluation to determine whether he is an SVP and set the case for trial within the next fifteen days. At the probable cause hearing, Mead claimed that his Sixth Amendment rights were violated by Roberts's evaluation because Roberts did not inform him of his right to consult with counsel prior to consenting to the interview. The judge took Mead's claim under advisement but made no ruling on the motion.

On November 21, Mead filed a motion to dismiss, again claiming that his Sixth Amendment rights had been violated by Roberts because Roberts obtained his consent to the meeting without informing him of his right to consult with counsel. The State resisted his motion. Two weeks later, Mead filed a motion to continue the trial and a conditional waiver of his right to a speedy trial. The trial was tentatively rescheduled for April 6, 2009.

On December 22, Mead filed a supplemental motion to dismiss. In this motion, Mead amended his earlier claim that his Sixth Amendment right to counsel had been violated by Roberts's interview. Mead acknowledged that because the proceedings under Iowa Code chapter 229A are civil rather than criminal he does not have a Sixth Amendment right to counsel. Mead, however, claimed that his right to counsel under article I, section 10 of the Iowa Constitution and his statutory right to counsel under chapter 229A had been violated by Roberts.

The State filed a resistance to Mead's supplemental motion. In this motion, the State argued that the right to counsel afforded by article I, section 10 of the Iowa Constitution was reserved for criminal defendants and therefore did not apply to Mead. Alternatively, the State argued that even if Roberts's interview violated Mead's right to counsel, the information gleaned from the evaluation was not necessary for a probable cause finding that Mead met the definition of an SVP under chapter 229A. The district court ruled that the interview and Roberts's resulting conclusions were obtained in violation of Mead's statutory rights under Iowa Code chapter 229A. After striking the evidence obtained from the interview, the court determined that the State's probable cause statement lacked sufficient evidentiary support. The court therefore ordered that its earlier finding of probable cause on September 29 be vacated. The court scheduled a new probable cause hearing for April 9.

The State filed an amended petition and statement of probable cause. The statement of probable cause now contained the opinion of Dr. Amy Phenix, a clinical and forensic psychologist, that Mead suffered from a mental condition that predisposes him to commit sexually violent offenses, and he was likely to reoffend in the future. This opinion was based solely on a review of Mead's treatment and prison records. At the close of the hearing, Mead orally renewed his motion to dismiss.

The court determined that probable cause existed to believe that Mead is an SVP as defined in Iowa Code section 229A.2(11). The court denied Mead's motion and set the matter for a jury trial on June 23. Mead filed an application for discretionary review with this court, which we accepted, treating it as an application for interlocutory appeal.

**II.    Discussion and Analysis.**

Mead argues that the district court erred when it denied his motion to dismiss and held a second Iowa Code section 229A.5(2) probable cause hearing because there is no statutory authority for a second probable cause hearing.  The State counters that the district court erroneously vacated the court's initial finding of probable cause because Dr. Roberts did not violate section 229A.5A by interviewing Mead.  Alternatively, the State argues that even if Roberts's interview violated Mead's statutory rights, the State presented the court with probable cause to find Mead was an SVP without the information gained in the interview.  Therefore, according to the State, we need not reach the issue of whether a second probable cause hearing was authorized.  To address these claims, we must examine the language of chapter 229A.

**A.    Violation of Iowa Code Section 229A.5A.**  The process to civilly confine a suspected SVP begins when the agency with jurisdiction over that individual gives written notice to the attorney general and a multidisciplinary team that a person currently confined may meet the definition of an SVP.  Iowa Code § 229A.3(1).  This written notice must be given no later than ninety days prior to the anticipated discharge date of an individual who has been convicted of a sexually violent offense.  *Id.* § 229A.3(1)(*a*).

The director of the department of corrections is charged with establishing a multidisciplinary team to review the available records of each person referred by the agency to assess whether or not that individual meets the definition of an SVP within thirty days.  *Id.* § 229A.3(4).  The assessment of the multidisciplinary team is then forwarded on to the attorney general's office.  *Id.*  The attorney general must appoint a prosecutor's review committee to review the individual's

records, to examine the multidisciplinary team's recommendation, and to make a second determination of whether the individual meets the definition of an SVP. *Id.* § 229A.3(5). If the prosecutor's review committee determines that the person who is presently confined meets the definition of an SVP, then the attorney general may file a petition alleging that the person is an SVP and state sufficient facts to support the allegation. *Id.* § 229A.4(1).

The attorney general is authorized to subpoena and compel the attendance of witnesses, examine the witnesses under oath, and require the production of evidence for inspection and reproduction. *Id.* § 229A.5A(1). This same code section states that "[a]ny person compelled to appear under a demand for oral testimony under this section may be accompanied, represented, and advised by counsel at the person's own expense." *Id.* In addition, section 229A.5A(2) provides the respondent the following protections:

> The examination of all witnesses under this section shall be conducted by the prosecuting attorney or attorney general before an officer authorized to administer oaths under section 63A.1. The testimony shall be taken by a certified shorthand reporter or by a sound recording device and shall be transcribed or otherwise preserved in the same manner as provided for the preservation of depositions under the Iowa rules of civil procedure. The prosecuting attorney or attorney general may exclude from the examination all persons except the witness, witness's counsel, the officer before whom the testimony is to be taken, law enforcement officials, and a certified shorthand reporter. Prior to oral examination, the person shall be advised by the prosecuting attorney or attorney general of the person's right to refuse to answer any questions on the basis of the privilege against self-incrimination. The examination shall be conducted in a manner consistent with the rules dealing with the taking of depositions.

The State claims Roberts did not violate section 229A.5A by interviewing Mead because section 229A.5A was not intended to cover

psychological interviews by professionals such as Roberts. We review issues of statutory interpretation for correction of errors at law. *In re Det. of Pierce*, 748 N.W.2d 509, 511 (Iowa 2008).

Roberts was a member of the prosecutor's review committee assigned to Mead's case; he was hired by the State to determine if probable cause exists to commit Mead under chapter 229A. *See* Iowa Code § 229A.3(5) ("The attorney general shall appoint a prosecutor's review committee to review the records of each person referred to the attorney general pursuant to subsection 1."). As a member of that committee, Roberts was required to assist the attorney general in determining whether to file a petition alleging Mead was an SVP. *Id.* Iowa Code section 229A.5A provides procedures for gathering information before a petition is filed. *Id.* § 229A.5A.

The State argues that under the clear language of section 229A.5A, the statute's mandates only apply to the "prosecuting attorney or attorney general." *Id.* Iowa Code section 229A.5A is entitled "Powers of investigative personnel before a petition is filed"; however, the term "investigative personnel" is not defined. The language of the statute plainly lists the prosecuting attorney and the attorney general as parties that must comply with its provisions, and likens the process of investigating a potential SVP to the taking of a civil deposition. Roberts was not an independent professional; he was a member of the prosecutor's review committee, a body required to assist the attorney general in determining whether an SVP petition should be filed. As a member of the prosecutor's review committee, Roberts was investigative personnel working at the direction of the attorney general. What the attorney general cannot do under the statute, his representative cannot do. *See, e.g.,* Restatement (Third) of The Law Governing Lawyers

§ 11(4)(b), at 108 (2000) (stating that a supervising lawyer must ensure that any nonlawyer's conduct conforms to the professional obligations of the lawyer). As a representative of the attorney general, the statutory protections mandated by Iowa Code section 229A.5A applied to Roberts.

Alternatively, the State argues that even if the provisions in Iowa Code section 229A.5A apply to Roberts's interview with Mead, the statute contains no requirement that the witness be informed of his right to counsel—it simply says the witness has the right to be represented by counsel at his own expense. We find no validity to this argument. Implicit in a right to counsel is the right to be informed of that right. *See, e.g., Walker v. McLain,* 768 F.2d 1181, 1185 (10th Cir. 1985) ("An indigent's right to appointed counsel imposes on the court an obligation to inform him of that right.").[1] To hold otherwise is to effectively deny that right. Roberts was required to inform Mead of his right to counsel under section 229A.5A.

This determination is in accord with our recent decision in *In re Detention of Fowler,* 784 N.W.2d 184 (Iowa 2010). In *Fowler,* we determined that the Kansas act upon which Iowa's SVP Act is based passed constitutional muster to a great extent because it contains many procedural protections. *Id.* at 189 (citing *Kansas v. Hendricks,* 521 U.S. 346, 364, 117 S. Ct. 2072, 2083, 138 L. Ed. 2d 501, 516–17 (1997)); *see also Atwood v. Vilsack,* 725 N.W.2d 641, 651 (Iowa 2006) ("The

---

[1]The court in *Walker* determined that the right to assistance of counsel must be extended to individuals facing civil contempt charges where imprisonment for the contempt is contemplated because that is a potential deprivation of the individual's liberty. *Walker,* 768 F.2d at 1183–84. We too have recognized the right to counsel for indigent contemnors where imprisonment is a possible punishment. *McNabb v. Osmundson,* 315 N.W.2d 9, 14 (Iowa 1982). Because these contempt proceedings are civil proceedings, like SVP commitment actions, we find these cases support the assertion that an alleged SVP enjoys the right to be informed of his statutory right to counsel.

significant procedural protections afforded detainees during the pre-trial stage in SVP cases strongly influence our determination that the statute is narrowly tailored."). Mead's right to an attorney is one of those procedural protections, and we hesitate to upset the delicate balance achieved in Iowa's SVP Act by eroding that right.

Roberts was required to inform Mead of his right to counsel under Iowa Code section 229A.5A before conducting the interview and his failure to do so was a violation of that statute. Therefore, we determine that the district court did not err in finding that Mead's statutory right to counsel under Iowa Code chapter 229A was violated. We further agree that the results of Roberts's interview were inadmissible. *See State v. Moorehead*, 699 N.W.2d 667, 673–75 (Iowa 2005) (determining that when a person is deprived of statutory right to counsel, evidence obtained subsequent to the violation is not admissible).

**B. Probable Cause Determination.** Once the review procedure has been completed and a petition has been filed alleging an individual is an SVP, the court must make a preliminary determination as to whether probable cause exists to believe the person named in the petition is an SVP. Iowa Code § 229A.5(1). Upon a preliminary finding of probable cause, the court shall direct the person to be taken into custody and served with a copy of the petition and supporting documentation. *Id.* Then within seventy two hours, the court must conduct a hearing to determine whether probable cause exists. *Id.* at § 229A.5(2). At the conclusion of the hearing, if the court finds there is probable cause to believe the individual is an SVP, then the court shall direct the respondent to be held for trial and transferred to a facility for an evaluation as to whether the respondent is an SVP. *Id.* § 229A.5(5).

1. *Standard of review.* The State argues that even if the results of Roberts's interview of Mead are inadmissible, the State presented the court with probable cause to find Mead was an SVP without the information gained in the interview. The review of an SVP probable cause determination presents an issue of first impression.

We have previously noted that probable cause is a mixed question of law and fact. *In re Det. of Palmer*, 691 N.W.2d 413, 418 (Iowa 2005) (citing *Grismore v. Consol. Prods. Co.*, 232 Iowa 328, 361, 5 N.W.2d 646, 663 (1942)). In the context of the adequacy of a jury-trial waiver, we have held that we review a mixed question de novo. *State v. Feregrino*, 756 N.W.2d 700, 703 (Iowa 2008).[2] Thus, we determine that as a mixed question of law and fact, the probable cause determination under Iowa Code section 229A.5(1) shall be reviewed under a de novo standard. *See, e.g., Commonwealth v. Jackson*, 661 S.E.2d 810, 814 (Va. 2008).

2. *Determination of probable cause.* In Iowa's SVP statute, an SVP is defined as:

> [A] person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility.

Iowa Code § 229A.2(11). Iowa Code section 229A.5 requires the court to make both a preliminary determination of probable cause and, after a

---

[2]We have previously noted the similarities between the procedural safeguards contained within the SVP statute and those within the criminal law. *Fowler*, 784 N.W.2d at 189. In the context of a constitutional challenge to determine whether probable cause existed for the issuance of a search warrant, "[o]ur review of the district court's determination concerning the statutory sufficiency of the search warrant is for correction of errors at law. We review de novo the district court's ruling regarding probable cause." *State v. Myers*, 570 N.W.2d 70, 72 (Iowa 1997).

hearing, a final determination of probable cause.[3]  We have not had the opportunity to define probable cause as it is used in section 229A.5.

The purpose of a probable cause hearing is for the court to "determine whether probable cause exists to believe the detained person is a sexually violent predator."  *Id.* § 229A.5(2).  After a finding of probable cause has been made, the court may direct the person to "be transferred to an appropriate secure facility for an evaluation as to whether the respondent is a sexually violent predator."  *Id.* § 229A.5(5). It is only at this point that the burden is upon the state to prove beyond a reasonable doubt that an individual is a sexually violent predator.  *Id.* § 229A.7(5).

The purpose of the probable cause hearing in SVP proceedings has been aptly described by the Supreme Court of California as follows:

> The probable cause hearing . . . is only a preliminary determination that cannot form the basis of a civil commitment; the ultimate determination of whether an individual can be committed as an SVP is made only at trial. . . .  For this reason, based on the structure of the SVPA, a [probable cause] hearing is analogous to a preliminary hearing in a criminal case; both serve to " ' "weed out groundless or unsupported charges . . . and to relieve the accused of the degradation and expense of a . . . trial." ' "  Like a criminal preliminary hearing, the only purpose of the probable cause hearing is to test the sufficiency of the evidence supporting the SVPA petition.

*Cooley v. Superior Ct.*, 57 P.3d 654, 665 (Cal. 2002) (quoting *Nienhouse v. Superior Ct.*, 49 Cal. Rptr. 2d 573, 578 (Ct. App. 1996)); *see also Jackson*, 661 S.E.2d at 814 ("Like a criminal probable cause hearing, the SVP probable cause hearing is concerned with the liberty interest of the defendant and whether sufficient grounds exist to warrant further proceedings against him.").

---

[3]In making its determination, the district court did not define probable cause.

When conducting a probable cause hearing under an SVP statute, the district court is only making a preliminary determination that there are sufficient facts in the petition to form a reasonable belief that the individual is an SVP. *Cooley*, 57 P.3d at 669 ("We conclude, therefore, that a determination of probable cause by a superior court judge under the SVPA entails a decision *whether a reasonable person could entertain a strong suspicion that the offender is an SVP.*").

In the criminal context we have stated: " 'Probable cause exists where "the facts and circumstances within [the court's knowledge] . . . [are] sufficient in themselves to warrant a man of reasonable caution to the belief that" an offense has been or is being committed.' " *Children v. Burton*, 331 N.W.2d 673, 679 (Iowa 1983) (quoting *Brinegar v. United States*, 338 U.S. 160, 175–76, 69 S. Ct. 1302, 1310–11, 93 L. Ed. 1879, 1890 (1949)). Thus, the test for probable cause is reasonable grounds to believe the assertion, "not absolute certainty" of the assertion. *Id.* A determination of probable cause is made after a preliminary investigation and is based on "facts and circumstances that would be sufficient to induce a reasonable belief in the truth of the accusation." *Id.* at 680. We find that the definition of probable cause as it is used in the criminal context provides the correct standard and adopt this test for determining whether probable cause exists to believe that an individual is an SVP under Iowa Code chapter 229A.

3. *Sufficiency of evidence.* After holding that Roberts's failure to advise Mead of his right to counsel prior to the interview was a violation of Mead's rights under Iowa Code section 229A.5A, the judge suppressed the information gleaned from the interview and reassessed whether there was probable cause to believe Mead is an SVP under the new record. The report relied upon by the district court was a letter Roberts wrote to

the attorney general's office on September 5, 2008, detailing the findings of his preliminary evaluation of Mead for possible SVP commitment. In this letter, Roberts makes a number of observations. First, he states that "to a reasonable degree of professional certainty, that Mr. Mead meets . . . criteria . . . that correspond to a mental abnormality," antisocial personality disorder. He then states,

> [i]n this examiner's opinion Mr. Mead's Antisocial Personality Disorder constitutes a mental abnormality that predisposes Mr. Mead to engage in future acts of sexual criminality. Mr. Mead's mental abnormality influences his volitional processes to the degree that he has serious difficulty in controlling his sexual behavior when not in a secure environment.

Roberts then reports that in actuarial tests Mead scored in the moderate-to-high risk category, but that risk may be mitigated by Mead's participation in sex offender treatment and his advanced age.[4]

In addition to Roberts's findings, the district court had a detailed history of Mead's past sexually motivated offenses, as well as other relevant criminal history. This history contained the following pertinent information:

1. In 1986, Mead was convicted of first-degree burglary and two counts of third-degree sexual abuse for breaking into the home of two elderly sisters (ages 67 and 76), who were unknown to Mead. He bound and gagged the women and then anally and vaginally raped both women using his body parts and other household objects. Both victims were injured.

2. In 1973, Mead was convicted of deviant sexual assault in Rock Island, Illinois. Mead was burglarizing the victim's house when she arrived home. He bound and gagged the victim and sexually assaulted her.

3. In 1972, Mead was charged with rape in Rock Island, Illinois, but was later acquitted by a jury.

---

[4]Mead was fifty-five years old at the time of this proceeding.

4.  While in prison, Mead was investigated for the sexual assault of another inmate.

The court, however, determined that without the interview, the State's probable cause statement alleging that Mead is an SVP lacked sufficient support. The court made this determination primarily on the basis of a statement in the initial report in which Roberts indicated that he was unable to determine *at that time*, based upon the records he had reviewed, that Mead met the criteria for SVP civil commitment. Therefore, Roberts ultimately determined that he was

> [p]resently unable to form the opinion, established to a reasonable degree of professional certainty, that Mr. Mead meets the criteria established by Iowa Law for being considered to be a Sexually Violent Predator who is more likely than not to engage in future sexually predatory acts if not detained in a secure facility.

There is no requirement for the probable cause determination that a psychiatrist opine to a reasonable degree of professional certainty that an individual is an SVP, nor is there a requirement that the State must prove Mead to be a sexually violent predator beyond a reasonable doubt at the probable cause hearing. The beyond-the-reasonable-doubt determination is to be made at trial after additional investigation and examination. Iowa Code § 229A.7(5).

After reviewing the evidence, we determine that even after the information gained from Roberts's interview was struck from the record, there was sufficient evidence in the petition to form a reasonable belief that Mead may be an SVP. The State's petition contained evidence that Mead had been both convicted of and charged with sexually violent offenses; it also contained evidence that Mead suffers from a mental abnormality which predisposes him to engage in sexually violent predatory acts. The petition also details Mead's antisocial personality

disorder, as well as his high score on actuarial tests which indicate he is a moderate-to-high risk to reoffend. The evidence also showed that Mead's past pattern of offenses and choice of victims who are strangers made him a risk to reoffend. Upon our de novo review, we hold that there was sufficient evidence for a fact finder to form a reasonable belief that Mead is an SVP.

Therefore, we hold that the evidence provided at the first probable cause hearing was sufficient to find that probable cause existed and hold Mead pending trial.

**C.  Second Probable Cause Hearing.**  Mead complains that he should have been released after the initial probable cause hearing, and there was no basis for a second probable cause hearing. Because we have determined that the district court erred in vacating the court's initial finding of probable cause, Mead was properly detained. *See id.* § 229A.5(5).  Therefore, we need not determine whether there was statutory authority for the court to hold a second hearing or whether the second hearing violated Mead's constitutional rights. The first hearing established the necessary probable cause that served as the basis for the continued detention of Mead and the scheduling of a trial on the ultimate issue of Mead's SVP status.

**III.  Disposition.**

The district court erred in vacating the original finding of probable cause, as sufficient evidence existed to provide probable cause to believe that Mead is an SVP. We remand this case to the district court for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**