# IN THE COURT OF APPEALS OF IOWA

No. 18-1667
Filed April 15, 2020

**ERIC PEPPERS,**
         Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR JOHNSON COUNTY,**
         Defendant-Appellee.
_____

         Certiorari to the Iowa District Court for Johnson County, Chad A. Kepros,

Judge.


         Eric Peppers petitions for writ of certiorari, claiming he received an illegal

sentence. **WRIT SUSTAINED AND REMANDED.**


         John J. Bishop, Cedar Rapids, for appellant.

         Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


         Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**AHLERS, Judge.**

Eric Peppers petitions for writ of certiorari, claiming he received an illegal sentence.[1]  In 2000, he was convicted of sexual abuse in the second degree, domestic abuse assault with a dangerous weapon, and false imprisonment.  He was sentenced to terms of incarceration not to exceed twenty-five years, two years, and one year, respectively for each crime, with the sentences to be served concurrently.  We affirmed his convictions on direct appeal.  *State v. Peppers*, No. 00–283, 2001 WL 810740, at *5 (Iowa Ct. App. July 18, 2001); *see also Peppers v. State*, No. 16-0715, 2017 WL 1400877, at *3 (Iowa Ct. App. Apr. 19, 2017); *Peppers v. State*, No. 12–1197, 2013 WL 6116815, at *2 (Iowa Ct. App. Nov. 20, 2013); *Peppers v. State*, No. 07–0865, 2008 WL 2042504, at *3 (Iowa Ct. App. May 14, 2008) (affirming the denial of his applications for postconviction relief).  In the current case, Peppers filed a pro se motion to correct an illegal sentence, raising fourteen separate grounds.  None of the grounds were supported by meaningful factual or legal arguments.  Instead, the motion simply listed the grounds.[2]  Less than three weeks after the filing of the motion, the district court

---

[1] Peppers filed a "notice of appeal" from the district court.  By order of our supreme court, all files in this matter are considered as a petition for writ of certiorari.

[2] The paragraph of Peppers's motion at issue reads:

> 11)   The grounds for which this motion is based upon are as follows
>    a) INEFFECTIVE ASSISTANCE OF COUNSEL
>    b) JUDICIAL MISCONDUCT
>    c) DISCRIMINATION
>    d) CRUEL AND UNUSUAL PUNISHMENT
>    e) OFFICIAL MISCONDUCT
>    f) MALICIOUS PROSECUTION
>    g) COERCION
>    h) THREATS AND INTIMIDATION
>    i) RUSHE [sic] TO JUDGEMENT
>    j) RULING IS CONTRARY TO LAW AND EVIDENCE

summarily denied it without hearing or additional filings, stating it "has reviewed the motion and finds that it should be and is DENIED."

Peppers now challenges the summary denial of his pro se motion to correct an illegal sentence. "[T]he purpose of allowing review of an illegal sentence is 'to permit correction at any time of an illegal *sentence*, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence.'" *State v. Bruegger*, 773 N.W.2d 862, 871–72 (Iowa 2009) (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)); *see also Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 644 (Iowa 2019) (same). "We may correct an illegal sentence at any time, but our review of the district court's sentence is limited to errors at law. *State v. Parker*, 747 N.W.2d 196, 203 (Iowa 2008) (citations omitted).

In support of his challenge, Peppers cites *Jefferson v. Iowa District Court*, which recognized Iowa Rule of Criminal Procedure 2.28(1) "affords a right to counsel on a motion to correct an illegal sentence." 926 N.W.2d 519, 525 (Iowa 2019). Peppers argues the district court violated this right by summarily denying his pro se motion. In fairness to the district court, Peppers's motion and the order denying the motion were both filed before *Jefferson* was issued, so the district court did not have the benefit of that decision when it ruled. Thus, we must first decide whether *Jefferson* applies retroactively before addressing Peppers's challenge on its merits.

---

k) ABUSE OF DISCRETION
l) RACIAL BIAS
m) PREJUDICE
n) DENAIL [sic] OF DUE PROCESS

To determine whether a rule announced by the supreme court is applied retroactively, the task is to determine whether the new rule is substantive or procedural. This determination controls whether the rule is applied prospectively only or retroactively as well. Making this determination is complicated by the fact that rules of retroactive application depend on context. For example, when a new rule is set by statute, if the rule is substantive, it applies prospectively only (with exceptions); if it is procedural, it applies retroactively as well. *See, e.g.*, *Anderson Financial Services, LLC v. Miller*, 769 N.W.2d 575, 579 (Iowa 2009). However, when a new rule is set by supreme court decision, if the rule is substantive, it generally applies retroactively; if it is procedural, it applies prospectively only (with exceptions). *See, e.g.*, *Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004). Here, we have a hybrid situation in that we have a rule of criminal procedure at issue, which is interpreted in the same manner as a statute. *See State v. Mootz*, 808 N.W.2d 207, 221 (Iowa 2012) (holding "Iowa court rules have the force and effect of law," and therefore the rules are interpreted in the same manner as statutes). Rule 2.28(1) is not new in that it was in effect and had been in effect for quite some time when the district court made its ruling in this case. It is not the adoption of rule 2.28(1) that created the "new rule" announced by *Jefferson*. Rather, it was *Jefferson*'s interpretation of the existing rule of criminal procedure that created the "new rule" at issue (i.e., the rule that a defendant filing a motion to correct an illegal sentence has the right to counsel pursuant to Iowa Rule of Criminal Procedure 2.28(1)).

Substantive rules "apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of an act that the law does not

make criminal or faces a punishment that the law cannot impose.'" *Thongvanh v. State*, 938 N.W.2d 2, 11 (Iowa 2020) (quoting *Schriro*, 542 U.S. at 352)). Conversely, procedural rules have a "more attenuated" connection to innocence. *Id.* While *Jefferson* recognized a right to counsel under rule 2.28(1), it also acknowledged "serious constitutional problems" could result from denying indigent defenders counsel during a motion to correct an illegal sentence. 926 N.W.2d at 524–25. Accordingly, we find the rule announced in *Jefferson* is needed to address "a significant risk" of wrongful conviction or sentencing during the criminal proceeding, and we analyze this rule as a new substantive rule set by supreme court decision.

The ruling in *Jefferson* only clarified an ambiguity as to the scope of rule 2.28(1); it did not otherwise create a new rule. *Id.* at 524 (finding rule 2.28(1) "is ambiguous," and resolving that ambiguity by determining a defendant has the right to counsel with respect to a motion to correct an illegal sentence). Where a court announces a new rule of substantive law that simply "clarifies" ambiguities in existing law, federal due process requires the decision to be retroactively applied to all cases. *Nguyen v. State*, 878 N.W.2d 744, 755 (Iowa 2016). Since *Jefferson* merely clarified an ambiguity in an existing law (i.e., rule 2.28(1)), we conclude the rule announced in *Jefferson* applies retroactively and we are free to address the merits of the challenge made by Peppers.

Turning to the merits, Peppers acknowledges he "did not specifically request the assistance of court appointed counsel" before the district court. On the other hand, there is nothing in the record suggesting Peppers was advised of his right to counsel regarding his motion. When a pro se defendant is entitled to

counsel, the "trial court has an absolute duty to" ensure the defendant voluntarily, knowingly, and intelligently waived counsel before continuing. *State v. Stephenson*, 608 N.W.2d 778, 782 (Iowa 2000). This includes the court's obligation to inform the defendant of the defendant's right to counsel. *In re Det. of Mead*, 790 N.W.2d 104, 109 (Iowa 2010) ("Implicit in a right to counsel is the right to be informed of that right."); *State v. Hindman*, 441 N.W.2d 770, 772 (Iowa 1989). "The information a defendant needs to waive counsel intelligently depends on the particular facts and circumstances surrounding each case." *State v. Majeres*, 722 N.W.2d 179, 182 (Iowa 2006). Here, the record contains no indication Peppers was informed of his right to counsel or that Peppers voluntarily, knowingly, and intelligently waived his right to counsel. Since *Jefferson* had not been decided at the time Peppers filed his motion and the district court ruled upon it, these omissions are not surprising as none of the participants in the process, including the prosecutor and the district court, would have been aware of their obligations in this regard. Therefore, our decision is not meant as a criticism of the district court or anyone else. However, now that *Jefferson* has been decided, we are obligated to enforce its mandates.

Due to the fact *Jefferson* makes it clear Peppers had the right to counsel in this context, it was the State's burden to prove a valid waiver of that right. *See Stephenson*, 608 N.W.2d at 782 ("[T]he burden of proving a valid waiver [of counsel] lies with the State."). The State's claim that "the lack of record material about Peppers's eligibility for appointed counsel is a result of his own failure to make that request" turns the duty to inform a defendant of the right to counsel and to ensure a proper waiver of that right on its head. Because the right to counsel

attached to Peppers's motion to correct an illegal sentence, the court erred in denying his pro se motion without first informing Peppers of his right to counsel, including his right to appointed counsel upon request and verification of indigency, and obtaining a valid waiver of his right to counsel.

Nevertheless, the State argues Peppers had no right to counsel because he did not provide any basis for the court to find a true illegality in his sentence. *See Jefferson*, 926 N.W.2d at 525 (stating the court need not appoint counsel when a motion only challenges the underlying conviction and does not otherwise seek to correct an illegality in the sentence). The State asserts that, of the fourteen grounds raised in Peppers's motion, only "cruel and unusual punishment" is based on the claim of an illegal sentence, but Peppers never developed or supported this ground and he appears to have abandoned it on appeal. Considering Peppers's self-represented status and the denial of his motion without a hearing, it is not surprising that his motion is underdeveloped. While it remains to be seen whether his motion has merit, he is entitled to counsel if desired and counsel may then withdraw if it becomes clear no basis exists to assert a claim of an illegal sentence. *See id.*

Finally, the State argues any error resulting from the denial of Peppers's motion was harmless. At first glance, this argument appears to have some merit. After all, since an illegal sentence can be challenged at any time, Peppers can file a new motion at any time and ask for counsel in conjunction with that filing. He did not even need to wait for resolution of this certiorari proceeding to do so. In spite of the surface-level attractiveness of the State's argument, however, it ignores our precedent, which holds that harmless-error analysis does not apply when a

defendant is not represented by counsel without securing a knowing, intelligent, and voluntary waiver of the right to counsel. *See Cooley*, 608 N.W.2d at 17–18.

Because Peppers was not advised of his right to counsel and did not waive his right to counsel, the district court erred in summarily denying his pro se motion to correct an illegal sentence without adequately addressing the representation issue. Therefore, we sustain the petition for writ of certiorari and remand for further proceedings. In light of our holding, we do not address his additional claim that the court erred by denying his motion without making additional findings.

**WRIT SUSTAINED AND REMANDED.**