**IN THE COURT OF APPEALS OF IOWA**

No. 24-0892
Filed August 20, 2025

**IN RE DETENTION OF ANTONIO RICCARDO CAMPBELL**

**ANTONIO RICCARDO CAMPBELL,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar (motions) and Andrea J. Dryer (trial), Judges.


        An inmate appeals the denial of his motion to dismiss based on violation of his right to a speedy trial.  **AFFIRMED.**


        Matthew C. Moore, Assistant State Public Defender, Special Defense Unit, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.


        Considered without oral argument by Chicchelly, P.J., Buller, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**DOYLE, Senior Judge.**

Antonio Campbell appeals his civil commitment as a sexually violent predator, claiming his right to a speedy trial was violated. Upon our review, we affirm.

On May 22, 2023, the State filed a petition to civilly commit Campbell under Iowa Code chapter 229A (2023) as a sexually violent predator. A probable cause hearing was held on June 7, and trial scheduled for August 30. On August 24, Campbell both waived the ninety-day deadline (from the probable-cause hearing) for trial and reasserted his right to trial within ninety days under Iowa Code section 229A.7(3) (2023), resetting the speedy trial deadline to November 22. Trial was scheduled for November 20.

On November 17, the court continued the trial on its own motion because "unfortunately there are no Judges available to hear it." The State requested enlarged findings "regarding the specific circumstances" of the judge unavailability. The district's chief judge issued an order on November 17 with enlarged findings in support of good cause for a brief continuance, stating:

> 1. On November 20, 2023, the First Judicial District, [four] of the [thirteen] District Court Judges in D1 have scheduled vacation and [one] judge is out on scheduled extended medical leave. As a result only [eight] District Judges are available to cover the [eleven] counties of the First Judicial District on November 20, 2023.
> 2. On November 20, 2023, [three] District Court Judges and [one] Senior Judge are needed to cover prescheduled court days in rural counties in the District.
> 3. On November 20, 2023, [two] District Court Judge[s] are need[ed] to cover heavily prescheduled order hour dockets in [two] urban counties in the District. A Senior Judge is also being used to meet these obligations.
> 4. On the basis of the foregoing, the [three] remaining District Court Judge[s] are needed in Black Hawk County to cover

prescheduled mixed criminal and civil dockets including pending criminal cases where speedy trial has not been waived.

5. All attempts were made to cover this proceeding, however, good cause exists to continue this matter for a brief period as no District Court Judge or Senior District Court Judge is available to cover the entire day necessary for this one day trial.

On November 28, Campbell filed a motion to dismiss alleging a violation of his right to trial within ninety days. In the meantime, the trial was reset for December 12. On December 4, the district court denied Campbell's motion to dismiss, explaining:

> The specific issue on November 20, 2023, arose out of a unique, non-recurring course of events which included a district court judge on extended medical leave and a shortened holiday week resulting in [four] district court judicial vacation leaves. The undersigned went to great lengths to describe why the date of November 20, 2023, was not just a congested docket but was, in fact, a unique, out of the ordinary event wherein 40% of the district court judges of the district were unavailable. Breaking that matter down to solely consider Black Hawk County, 50% of the district court judges regularly serving Black Hawk County were unavailable. For the seven district court dockets that operate in Black Hawk County daily, the Court had available only two district court judges and a senior judge. To meet the minimal expectations of the County, each of these judges had to carry multiple dockets on that date which included criminal matters for which speedy had not been waived and civil matters such as sexual abuse and domestic abuse actions that have statutory timeframes. It is a specifically unique and out of the ordinary situation for Black Hawk County to cover seven fully scheduled district court dockets with two district court judges and a senior district court judge. This District is normally able to meet the expectations of a congested district-wide docket without bumping cases and the undersigned does not take lightly the rescheduling of a matter with speedy trial implications for good cause. Only a unique, non-recurring course of events led to the rescheduling of this case.

The court went on to explain the trial's expedient reset to within twenty days of the deadline and that "any prejudice to [Campbell] in this matter was greatly reduced by the efforts of the Court to find a place for this matter on the trial calendar." Trial remained reset for December 12. Campbell's counsel then

requested a continuance due to expert unavailability on the reset trial date. Campbell again waived and reasserted the ninety-day deadline, and trial was rescheduled again for January 12, 2024. After the January 2024 bench trial, the court entered an order finding Campbell a sexually violent predator and committing him for treatment under chapter 229A.

Campbell appeals, only challenging the court's denial of his November 28 motion to dismiss. He asserts the events listed by the court in its orders on good cause and his motion to dismiss "were not specific circumstances arising out of . . . nonrecurring events which create a particular scheduling problem." Rather, he claims the events outlined in the court's enlarged findings was more akin to chronic court congestion and did not rise to the level of "good cause" for continuance under Iowa Code § 229A.7(3). *See State v. Bond*, 340 N.W.2d 276, 279 (Iowa 1983).

The State responds that it was not chronic court congestion—the court provided a unique, nonrecurring reason for the continuance; and the State further asserts the court "was not actually required to provide good cause for the continuance when it did so on its own motion."

Section 229A.7(3) sets a ninety-day deadline from a section 229A.5 probable cause hearing for the court to hold trial. "The trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice, and when the respondent will not be substantially prejudiced." Iowa Code § 229A.7(3). "When we determine whether good cause for a delay exists, we focus on only one factor: the reason for the delay." *In re Det. of Fowler*, 784 N.W.2d 184, 191 (Iowa 2010) (cleaned up). If the

date of trial passes without a continuance or the showing of good cause, "the case must be dismissed and the defendant released." *Id.* at 192.

Here, the court clearly articulated the unique, non-recurring circumstances giving rise to the need for a short continuance—including a long-term medical leave and four other judicial absences in a very active judicial district with a shortened holiday schedule. As the court observed, "It is a specifically unique and out of the ordinary situation for Black Hawk County to cover seven fully scheduled district court dockets with two district court judges and a senior district court judge." Such shortage of available judges is unique and non-recurring in the district. As in *Bond*, we are satisfied that the minimal delay and absence of facts showing prejudice to Campbell "satisfy us that the trial court did not abuse its narrow discretion in finding good cause for the delay." *See* 340 N.W.2d at 280. The court did not err in denying Campbell's motion to dismiss on speedy trial grounds. And we leave for another day the State's contention that a continuance on the court's own motion does not, in sexually-violent-predator cases, require a "good cause" finding. *See* Iowa Code § 229A.7(3) ("The trial may be continued upon the request of either party and a showing of good cause, *or by the court on its own motion in the due administration of justice*, and when the respondent will not be substantially prejudiced." (emphasis added)).

**AFFIRMED.**