# IN THE SUPREME COURT OF IOWA

No. 11–0488

Filed March 9, 2012

**STATE OF IOWA,**

   Plaintiff,

vs.

**IOWA DISTRICT COURT FOR
BLACK HAWK COUNTY,**

   Defendant.

---

Certiorari to the Iowa District Court for Black Hawk County, Nathan A. Callahan, District Associate Judge.

On petition for writ of certiorari, the State contends the district court misinterpreted Iowa Code section 124.401(5) when sentencing a defendant for a marijuana accommodation offense. **WRIT ANNULLED.**

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad P. Walz, Assistant County Attorney, for plaintiff.

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, Andrew Craig, Student Legal Intern, for Marcus Coleman, defendant below.

**HECHT, Justice.**

In this petition for writ of certiorari we are asked to interpret Iowa Code sections 124.410 and 124.401(5) (2009) to determine whether a defendant convicted of possession of marijuana as an accommodation offense who has previously been convicted of simple possession of marijuana should be sentenced for a serious misdemeanor or an aggravated misdemeanor. We conclude the district court correctly sentenced the defendant for a serious misdemeanor and annul the writ of certiorari.

## I. Background Facts and Proceedings.

In June 2010, Marcus Coleman was charged with possession of marijuana with intent to deliver as an accommodation offense. The trial information alleged Coleman was subject to an enhanced sentence because he had a previous conviction for possession of marijuana. On October 25, 2010, Coleman submitted a written Alford plea admitting he "knowingly or intentionally possessed ½ oz. or less of marijuana with the intent to share some of it. The marijuana was not offered for sale." Coleman requested a sentencing hearing to determine whether he should be sentenced for a serious misdemeanor or an aggravated misdemeanor.

At the hearing on January 10, 2011, the court heard arguments regarding the sentencing issue. Coleman contended the plain language of sections 124.410 and 124.401(5) controlled and he should be sentenced for a serious misdemeanor. The State argued Coleman was not eligible for the ameliorative provisions of section 124.401(5) under our holding in *State v. Rankin,* 666 N.W.2d 608 (Iowa 2003), and he should be sentenced for an aggravated misdemeanor. The court issued a written ruling on January 13, 2011, concluding the plain language of the

relevant statutes provided Coleman be sentenced for a serious misdemeanor.[1]

On March 14, 2011, Coleman was sentenced to a suspended sentence of 365 days in the county jail. The State sought certiorari from the sentencing order, contending the sentence imposed is illegal because the district court misapplied section 124.401(5).

## II.  Scope and Standards of Review.

Our review is for errors at law in certiorari cases. *Weissenburger v. Iowa Dist. Ct.*, 740 N.W.2d 431, 434 (Iowa 2007). We look to whether the district court "has exceeded its jurisdiction or otherwise acted illegally." *Id.* (citation and internal quotation marks omitted). Illegality exists "when the court has not properly applied the law." *Id.* (citation and internal quotation marks omitted).

## III.  Discussion.

This case presents a narrow issue of statutory interpretation. A person who possesses fifty kilograms or less of marijuana with intent to deliver is guilty of a class D felony. Iowa Code § 124.401(1)(*d*). However, "[i]n a prosecution for unlawful delivery or possession with intent to deliver marijuana," if the defendant delivered or possessed with intent to deliver one-half ounce or less of marijuana which was not intended for sale, "the defendant is guilty of an accommodation offense." *Id.* § 124.410. Rather than being sentenced for a conviction under section

---

[1]Because of the disagreement over which sentencing provision applied to Coleman's case, the court treated the hearing on January 10 as a hearing on a motion to adjudicate law points and set another hearing for sentencing. No one objected to this procedure, but the State asserts in its petition for writ of certiorari that "a motion to adjudicate law points no longer exists under the rules though it still appears to be used commonly." As we noted in *State v. Meadows*, 696 N.W.2d 593, 595 (Iowa 2005), "[a]pplications for separate adjudication of points of law are no longer recognized by rule in civil proceedings but continue to be available in criminal prosecutions by virtue of the provisions of Iowa Rule of Criminal Procedure 2.11(2)."

124.401(1)(*d*), the defendant shall be sentenced "as if" convicted for a violation of 124.401(5). *Id.*

The first paragraph of section 124.401(5) prohibits simple possession of controlled substances (not possession with intent to deliver). A first offense is a serious misdemeanor. *Id.* § 124.401(5). A second offense for someone with a previous conviction for violating chapter 124, 124A, 124B, or 453B is an aggravated misdemeanor. *Id.* A third or subsequent offense is a class D felony. *Id.* However, the second paragraph of subsection (5) specifically addresses the sentences imposed for marijuana offenses:

> If the controlled substance is marijuana, the punishment shall be by imprisonment in the county jail for not more than six months or by a fine of not more than one thousand dollars, or by both such fine and imprisonment for a first offense. If the controlled substance is marijuana and the person has been previously convicted of a violation of this subsection in which the controlled substance was marijuana, the punishment shall be as provided in section 903.1, subsection 1, paragraph "*b*" [a serious misdemeanor]. If the controlled substance is marijuana and the person has been previously convicted two or more times of a violation of this subsection in which the controlled substance was marijuana, the person is guilty of an aggravated misdemeanor.

*Id.*

As Coleman was convicted of an accommodation offense, not simple possession of marijuana, the State contends he should have been sentenced for an aggravated misdemeanor (under the first paragraph of subsection (5)) and not a serious misdemeanor (as provided in the second paragraph of subsection (5)).

Coleman contends a plain reading of sections 124.410 and 124.401(5) demonstrate the district court correctly sentenced him for a serious misdemeanor. He pled guilty to a marijuana accommodation offense under section 124.410 which required that he be sentenced "as

if" convicted of violating 124.401(5). Section 124.401(5) states that "[i]f the controlled substance is marijuana" the defendant shall be sentenced for a serious misdemeanor if he has a previous conviction for possession of marijuana, which Coleman did.

The State, however, contends the application of the plain language of the statutes to Coleman's case directly conflicts with our decision in *Rankin.* The facts in *Rankin* were the inverse of the facts of this case. Rankin had a previous conviction for the accommodation offense and was later charged with simple possession of marijuana. *Rankin*, 666 N.W.2d at 609. When he was being sentenced for the possession conviction, he argued he should be sentenced under the second paragraph of section 124.401(5) because his possession offense involved marijuana. *Id.* at 609–10. He contended that although his prior accommodation conviction was not actually a possession conviction, because he had been sentenced "as if" convicted of possession of marijuana, the legislature must have intended his prior conviction be considered a prior possession conviction for sentencing purposes and he should receive the more lenient sentencing in the second paragraph of subsection (5). *Id.* at 610. We, however, concluded the second paragraph did not apply because his first conviction was under section 124.401(1), not 124.401(5), and he should be sentenced for an aggravated misdemeanor as provided in the first paragraph of section 124.401(5). *Id.*

The State argues that our interpretation of section 124.401(5) in *Rankin* controls the result in this case because, like Rankin, Coleman has a total of two convictions—one for possession and one for accommodation. The only difference is the order in which the convictions were received. The State argues the legislature must have

intended Coleman and Rankin receive the same sentence, despite the plain language of the statutes.

Our goal, when interpreting a statute is to give effect to the legislature's intent. *In re Det. of Fowler,* 784 N.W.2d 184, 187 (Iowa 2010). Usually, this intent is determined from the language of the statute. *Id.* "We do not search for meaning beyond the express terms of the statute when the statute is plain and its meaning is clear." *Id.* (citation and internal quotation marks omitted).

We conclude the language of the statutes is clear and unambiguous: the second paragraph of section 124.401(5) controls Coleman's sentencing, and he should be sentenced for a serious misdemeanor. While this outcome may seem unfair to one standing in Rankin's shoes, we are bound to derive legislative intent from the words chosen by the legislature rather than from what the legislature should or might have said.

### IV. Conclusion.

We conclude the district court did not misinterpret or misapply sections 124.401(5) and 124.410 when it sentenced Coleman for a serious misdemeanor under the circumstances presented here.

**WRIT ANNULLED.**