# IN THE COURT OF APPEALS OF IOWA

No. 13-0396
Filed April 30, 2014

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**JUSTIN JENTZ,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

A defendant appeals his judgment and sentence for possession of a controlled substance, third or subsequent offense. He contends the district court: (1) failed to hold trial on his multiple or habitual offender status within the speedy-trial deadline and (2) should have sentenced him to an aggravated misdemeanor rather than a class "D" felony. **AFFIRMED.**

Samuel M. Degree of Drake Law Firm, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Ralph Potter, County Attorney, and Timothy Gallagher, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, J.**

Justin Jentz appeals his judgment and sentence for possession of a controlled substance, third or subsequent offense.  He contends the district court: (1) failed to hold trial on his multiple or habitual offender status within the speedy-trial deadline and (2) should have sentenced him to an aggravated misdemeanor rather than a class "D" felony.

## I.      *Background Proceedings*

The State charged Justin Jentz with assault causing injury and possession of a schedule I controlled substance—marijuana.  The State later moved to amend the trial information to add Jentz's statuses as a third or subsequent offender and as a habitual offender.  The district court granted the motion.

Trial was scheduled for October 1, 2012, with the district court ordering that date to serve as the one-year speedy-trial deadline.  Iowa R. Crim. P. 2.33(2)(c) ("All criminal cases must be brought to trial within one year after the defendant's initial arraignment pursuant to rule 2.8 unless an extension is granted by the court, upon a showing of good cause.").  The jury found Jentz guilty of possession of marijuana.

All that remained was the second phase of trial on whether Jentz was a multiple offender and disposition of the assault charge.  Jentz moved to dismiss this phase, asserting the date scheduled to prove the prior convictions fell outside the speedy-trial deadline.  The district court denied the motion.  On the scheduled date, Jentz pled guilty to possession of marijuana, third or subsequent offense, in exchange for dismissal of the habitual offender enhancement and

assault charge.[1]  The district court sentenced him to an indeterminate prison term not exceeding five years.  This appeal followed.

## II.  Analysis

### A.  Speedy Trial

Jentz concedes the original trial was held within the speedy-trial deadline but reiterates that the date scheduled to establish his prior convictions fell outside the deadline.  In his view, the district court should have determined there was good cause for an extension of the deadline.  Iowa R. Crim. P. 2.33(2)(c) (authorizing court to grant an extension of the speedy-trial deadline "upon a showing of good cause").

Jentz's argument presupposes that he had a separate right to a speedy trial on his status as a multiple offender.  That premise is not supported by our precedent.

"When a defendant faces a charge that imposes an enhanced penalty for prior convictions, our law, in turn, imposes a two-stage trial."  *State v. Kukowski,* 704 N.W.2d 687, 691 (Iowa 2005).  The second phase of the trial is governed by Iowa Rule of Criminal Procedure 2.19(9), which states:

> After conviction of the primary or current offense, but prior to pronouncement of sentence, if the indictment or information alleges one or more prior convictions which by the Code subjects the offender to an increased sentence, the offender shall have the opportunity in open court to affirm or deny that the offender is the person previously convicted, or that the offender was not represented by counsel and did not waive counsel.  If the offender denies being the person previously convicted, sentence shall be postponed for such time as to permit a trial before a jury on the issue of the offender's identity with the person previously convicted.

---

[1] The Court accepted a written plea of guilty to the "offense" of possession of marijuana while being a third or greater offender.

> Other objections shall be heard and determined by the court, and these other objections shall be asserted prior to trial of the substantive offense in the manner presented in rule 2.11. On the issue of identity, the court may in its discretion reconvene the jury which heard the current offense or dismiss that jury and submit the issue to another jury to be later impaneled. If the offender is found by the jury to be the person previously convicted, or if the offender acknowledged being such person, the offender shall be sentenced as prescribed in the Code.

Under this rule, the fact question to be decided is whether the identity of the person previously convicted is the same as the person convicted of the present offense so as to permit enhancement of the sentence. *State v. Smith*, 282 N.W.2d 138, 143 (Iowa 1979) ("[T]he sole 'issue' submitted to a jury is defendant's identity as a person twice previously convicted of a felony."). No separate offense is involved. *See State v. Woody*, 613 N.W.2d 215, 217 (Iowa 2000) ("When the State alleges that a defendant is an habitual offender, the State is not charging a separate offense. . . . The accused therefore does not enter a plea of guilty to an habitual offender 'charge.' Rather, the accused merely admits prior convictions for habitual offender purposes." (citations omitted)); *State v. Brady*, 442 N.W.2d 57, 58 (Iowa 1989) ("An admission by a defendant of prior convictions cannot be said to be a plea of guilty to an habitual offender 'charge,' moreover, habitual offender statutes do not charge a separate offense. They only provide for enhanced punishment on the current offense."); *Smith*, 282 N.W.2d at 143 ("The habitual offender statute does not create a crime, it merely enhances punishment."); *State v. Hanna,* 277 N.W.2d 605, 608 (Iowa 1979) ("[B]eing a habitual criminal is not a crime, even though it was repeatedly referred to as one during these proceedings. The habitual criminal statute goes only to the punishment meted out to one who has committed

multiple designated offenses."). Accordingly, the same speedy-trial date that governs trial on the substantive offense governs the second habitual offender phase. *See State v. Popes,* 290 N.W.2d 926, 927 (Iowa 1980) (holding the ninety-day speedy-trial rule did not apply to the hearing on the habitual criminal statute).

Because Jentz concedes the underlying charge was timely brought to trial, we discern no violation of the one-year speedy-trial deadline set forth in rule 2.33(2)(c).

### *B.  Sentencing*

Jentz next contends the district court should not have granted the State's motion to amend the trial information to charge him as a third or subsequent offender. However, his real complaint is not with the court's ruling on the motion to amend but with the court's application of Iowa Code section 124.401(5) (2011).

The first paragraph of section 124.401(5) generally classifies drug possession crimes based on the number of prior convictions. It states in pertinent part:

> It is unlawful for any person knowingly or intentionally to possess a controlled substance . . . .  Any person who violates this subsection is guilty of a serious misdemeanor for a first offense.  A person who commits a violation of this subsection and who has previously been convicted of violating this chapter or chapter 124A, 124B, or 453B is guilty of an aggravated misdemeanor.  A person who commits a violation of this subsection and has previously been convicted two or more times of violating this chapter or chapter 124A, 124B, or 453B is guilty of a class "D" felony.

Iowa Code § 124.401(5).  The second paragraph provides different and more lenient classifications for marijuana possession crimes.  It states:

> If the controlled substance is marijuana, the punishment shall be by imprisonment in the county jail for not more than six months or by a fine of not more than one thousand dollars, or by both such fine and imprisonment for a first offense. If the controlled substance is marijuana and the person has been previously convicted of a violation of this subsection in which the controlled substance was marijuana, the punishment shall be as provided in section 903.1, subsection 1, paragraph "b". If the controlled substance is marijuana and the person has been previously convicted two or more times of a violation of this subsection in which the controlled substance was marijuana, the person is guilty of an aggravated misdemeanor.

*Id.*

Jentz agreed he had two prior convictions for possession of marijuana. The State also asserted, and Jentz does not dispute, he had a prior conviction for manufacturing marijuana. Jentz contends he should have been found guilty of an aggravated misdemeanor under the second paragraph of section 124.401(5) rather than a class "D" felony under the first paragraph. The State counters that because Jentz has one prior drug conviction that involved the manufacture rather than possession of marijuana, he is foreclosed from taking advantage of the second paragraph of section 124.401(5). We agree with the State.

> The pertinent language in the second paragraph is as follows:

> If the controlled substance is marijuana and the person has been previously convicted two or more times *of a violation of this subsection in which the controlled substance was marijuana*, the person is guilty of an aggravated misdemeanor.

(Emphasis added.) The language quoted above refers to prior convictions for possession of marijuana. Because one of Jentz's prior convictions was for manufacturing marijuana, he cannot avail himself of the second paragraph of section 124.401(5). *See State v. Rankin*, 666 N.W.2d 608, 610–11 (Iowa 2003)

(stating "the second paragraph of section 124.401(5) applies only to those persons convicted of *possession* of marijuana" and concluding a delivery offense was not a possession offense and did not fall within the ambit of the second paragraph). We conclude the district court did not err in finding Jentz guilty of a class "D" felony rather than an aggravated misdemeanor and in sentencing him accordingly.

We find it unnecessary to address any of the remaining issues raised by Jentz or the State.

**AFFIRMED.**