# IN THE COURT OF APPEALS OF IOWA

No. 17-0360
Filed May 16, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH ANTHONY SPENCER,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson (motion to suppress) and David N. May (trial and sentencing), Judges.

Joseph Spencer appeals his convictions of possession of a controlled substance, third or subsequent offense, as a habitual offender, and eluding and the sentences imposed. **JUDGMENT AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND REMANDED FOR ENTRY OF CORRECTED SENTENCING ORDER.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Joseph Spencer appeals his convictions of possession of a controlled substance, third or subsequent offense, as a habitual offender, in violation of Iowa Code sections 124.401(5), 902.8, and 902.9(1)(c) (2016), and eluding, in violation of Iowa Code section 321.279(3)(a), and the sentences imposed. He contends the district court erred in: (1) denying his motion to suppress evidence, (2) imposing an illegal felony sentence on the possession charge, and (3) imposing an illegal fine on the possession charge.

## I. Background Facts and Proceedings

At approximately 11:50 p.m. on April 29, 2016, Des Moines Police Officers Danner and Harden observed a white Buick drive past them with a non-functioning rear left license plate lamp. The officers followed the vehicle. While the Buick was stopped for a red light, the officers turned off their patrol vehicle's lights to verify the license plate light was not functioning. After verifying the light was not working, the officers conducted a traffic stop of the vehicle. Officer Danner made initial contact with the driver, Spencer. While at the driver's window, Officer Danner detected the odor of marijuana and non-verbally signaled his observation to his partner. Danner asked Spencer to exit the vehicle but did not explain why he was directing him to exit. Spencer refused, rolled up his window, locked the door, and left the area at a high rate of speed with the officers in pursuit.

Polk County sheriff's deputies joined in the pursuit of Spencer's vehicle, reaching speeds estimated at sixty to seventy miles per hour in a twenty-five mile-per-hour speed-limit area. Spencer's vehicle eventually left the roadway and hit a light pole and a parked vehicle. Spencer ran from the vehicle into a nearby field

with officers in pursuit and was eventually caught and taken into custody. Police recovered an empty plastic bag which smelled of marijuana near the area Spencer was taken into custody. Marijuana was also found near the driver's side door of Spencer's vehicle and scattered throughout the front portion of the vehicle. Dashboard cameras in both the police and sheriff's deputy's vehicles recorded the events.

A trial information was filed on June 6, charging Spencer with possession of a controlled substance with intent to deliver, second or subsequent offense, as a habitual offender, and eluding as a habitual offender. On August 17, Spencer filed a motion to suppress, claiming the stop and search violated his rights under the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution. A hearing on the motion was held at which Spencer argued the officers lacked the probable cause or reasonable suspicion necessary to justify the initial stop. He argued that because one of his license plate lights did work and sufficiently illuminated his plate, the officers did not have a valid basis for the traffic stop based upon an alleged violation of Iowa Code section 321.388, the only proffered basis for the initial stop. Both Officers Danner and Harden testified as to their observations about the license plate light and the recording from the police cruiser's video-recording system was admitted as an exhibit.[1] Following the hearing, the court found the officers had probable cause to stop Spencer's vehicle pursuant to section 321.388 and denied the motion to suppress.

[1] Deputy Hook, the Polk County Sheriff's Deputy involved in the pursuit, also testified, and a video recording from his vehicle's video-recording system was also admitted. Deputy Hook's involvement began during the pursuit and he was not involved in the initial traffic stop.

Thereafter, Spencer waived his right to a jury trial, was tried on the minutes of evidence, and was found guilty of the lesser-included offense of possession of marijuana, third or subsequent offense, and eluding. The parties stipulated the habitual-offender enhancement would only apply to the possession charge. Spencer was sentenced in accordance with a joint recommendation of an indeterminate term of incarceration not to exceed fifteen years with a mandatory three-year minimum for the possession offense and five years of incarceration on the eluding offense, to be served consecutively. The court also imposed a suspended fine for each offense. Spencer appeals.

## II. Standard of Review

We review alleged violations of constitutional rights de novo. *State v. Lyon*, 862 N.W.2d 391, 394 (Iowa 2015). We make an independent evaluation of the totality of circumstances shown by the entire record. *Id*. We give deference to the district court's factual findings, but we are not bound by them. *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004).

An illegal sentence may be challenged at any time. Iowa R. Crim. P. 2.24(5)(a); *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009). Claims of an illegal sentence are reviewed for correction of errors at law. *See State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). A claim a sentence is illegal "includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional." *Bruegger*, 773 N.W.2d at 871.

III.     **Analysis**

A.     Lawfulness of Traffic Stop

Spencer claims his Fourth Amendment rights were violated when the officers allegedly stopped him unlawfully.  He contends the officers lacked probable cause to stop him because at least one of his rear license plate lights was working and sufficiently illuminated his license plate.  Spencer argues the officers' testimony at the suppression hearing was not credible and not supported by the patrol car's video footage, and the court erred by denying his motion.

The Fourth Amendment to the United States Constitution provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. amend. IV.  The Fourth Amendment is applicable to state actors by incorporation via the Fourteenth Amendment.  *See Mapp v. Ohio*, 367 U.S. 643, 660 (1961). The Fourth Amendment is implicated when an officer seizes a person.  *See State v. Reinders*, 690 N.W.2d 78, 82 (Iowa 2004).  A traffic stop constitutes a seizure within the meaning of the Fourth Amendment.  *See State v. Tyler*, 830 N.W.2d 288, 292 (Iowa 2013).  A traffic stop must be reasonable under the circumstances. *See Whren v. United States*, 517 U.S. 806, 809–10 (1996); *State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002).

The decision to stop an automobile is reasonable when the police have probable cause to believe that a traffic violation has occurred.  *State v. Pals*, 805 N.W.2d 767, 773 (Iowa 2011).  "Probable cause exists if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee

committed or is committing it." *State v. Bumpus*, 459 N.W.2d 619, 624 (Iowa 1990). When a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist. *Tague*, 676 N.W.2d at 201. The State bears the burden of proving by a preponderance of the evidence that the officer had probable cause to stop the motorist. *Tyler*, 830 N.W.2d at 293. If the State is unable to meet its burden, all evidence obtained at the stop must be suppressed. *Id.* In determining whether the officers observed a violation of our traffic laws, we will "give considerable deference to the trial court's findings regarding the credibility of the witnesses," but we will not be "bound by them." *See Tague*, 676 N.W.2d at 201.

Iowa Code section 321.388 requires that "[e]ither the rear lamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of fifty feet to the rear." The statute may be violated if there is no illumination of the license plate at all from a white light or if the illumination, though present, is so weak that the license plate is not clearly legible from a distance of fifty feet. *Lyon*, 862 N.W.2d at 398.

Spencer does not challenge that a violation of section 321.388 would provide probable cause to support a lawful stop and he concedes that the left rear license plate light on his vehicle was not working on the night in question. Instead he contends the right rear license plate light on the vehicle was working and sufficiently lit his license plate to provide the required illumination under section 321.388.

Both Officers Danner and Harden testified they first observed Spencer's license plate light was not functioning when Spencer drove past their location. However neither testified as to the distance between the two vehicles at that time. The officers followed and caught up to Spencer's vehicle. Danner, who was driving, testified when he was approximately forty feet behind Spencer's vehicle, he was not able to read the license plate. He further testified he was able to read the license plate only once he was within, in his estimation, fifteen feet or one car length behind the Buick. Danner also testified he briefly turned the patrol vehicle's lights off and on to verify the plate light was not functioning when he was fifteen feet behind Spencer's vehicle.

Upon our de novo review, we find there is nothing in the video evidence which undermines the officers' testimony about their observations. They did not stop the vehicle based solely on their initial observation of the vehicle, but made the stop after following the vehicle, determining the approximate distance at which they could read the license plate, and verifying the plate light was not functioning. We find the officers had probable cause to believe a violation of section 321.388 had occurred and to conduct a traffic stop. Therefore, we affirm the district court's denial of Spencer's motion to suppress.

B.     Illegal Sentences

Spencer next claims the district court illegally sentenced him. First, Spencer claims the district court erred in imposing a felony sentence for the possession offense. He contends the record does not establish that any of his prior offenses were for a substance other than marijuana. He argues the State must prove that one of his prior offenses was for a substance other than marijuana in order for his

current offense of possession of a controlled substance, third or subsequent offence, to be classified as a felony under section 124.401(5). Spencer did not, at any point prior to this appeal, challenge the classification of his current possession offense as a felony. He did not challenge his criminal history as provided in the trial information, minutes of evidence, and presentence investigation report (PSI).

The district court found Spencer guilty of a possession of a controlled substance, in violation of section 124.401(5) as a class D felony, and sentenced him to an indeterminate term of incarceration not to exceed fifteen years with a three-year minimum. *See* Iowa Code §§ 902.8, 902.9(3). Violations under 124.401(5) are classified as either misdemeanors or felonies based upon a defendant's prior drug-related convictions. *Id.* § 124.401(5). Section 124.401(5) provides that a third or subsequent possession of marijuana offense is either a class "D" felony or an aggravated misdemeanor:

> A person who commits a violation of this subsection and has previously been convicted two or more times of violating this chapter or chapter 124A, 124B, or 453B is guilty of a class "D" felony.
>
> . . . . If the controlled substance is marijuana and the person has been previously convicted two or more times of a violation of this subsection in which the controlled substance was marijuana, the person is guilty of an aggravated misdemeanor.

The Iowa Supreme Court has held that, "[o]nce a defendant is convicted of a single offense involving other illegal substances . . . all crimes committed prior or subsequent thereto could be used to enhance the offender's sentence under the stricter, felony track." *State v. Cortez*, 617 N.W.2d 1, 3 (Iowa 2000).

Spencer argues, because the State failed to provide evidence that his prior offenses were for a controlled substance other than marijuana, he should have

been convicted and sentenced under the more lenient, aggravated misdemeanor track. The record reflects the district court found Spencer's prior convictions in case numbers FECR237623 and FECR262721, both of which were felony controlled-substance violations under chapter 124, satisfied the enhancement of his current offense to a class "D" felony. The PSI shows case number FECR237623 involved convictions for possession of a controlled substance with intent to deliver and failure to affix a drug-tax stamp, resulting in ten years in prison and five years in prison, respectively.

While the record does not indicate what the controlled substances were in either of the prior convictions, the second paragraph of section 124.401(5) provides the more lenient track for marijuana possession is only for previous convictions under subsection (5). *See* Iowa Code § 124.401(5) ("[P]erson has been previously convicted two or more times of a violation of this *subsection* in which the controlled substance was marijuana"(emphasis added)). By using the language "this subsection" rather than "this chapter" in the second paragraph of section 124.401(5), the legislature clearly intended to grant leniency only to those charged with *possession* of marijuana. *State v. Rankin*, 666 N.W.2d 608, 611 (Iowa 2003).

The PSI specifically identifies count one in case number FECR237623 as a conviction for possession of a controlled substance with intent to deliver.[2] Even if this offense involved marijuana, possession with intent to deliver is not an offense under section 124.401(5), but is an offense under section 124.401(1)(c). Further,

---

[2] The conviction in FECR262721 is listed merely as a controlled-substance violation in violation of chapter 124.

count two of FECR237623 was a conviction for failure to affix a drug-tax stamp, a violation of chapter 453B. Consequently, the first paragraph of section 124.401(5) controls, and the current possession of marijuana conviction is a class "D" felony. Spencer does not dispute that he was previously convicted of two felonies. Thus, he is subject to the habitual-offender enhancement for this offense pursuant to sections 902.8 and 902.9(1)(c). The district court properly sentenced Spencer to an indeterminate term of imprisonment of fifteen years for the possession offense with a three-year minimum.[3]

Finally, Spencer claims the district court had no statutory authority to impose a fine for the possession-as-a-habitual-offender charge. The State concedes the fine imposed by the district court was improper. We therefore vacate the fine and remand for entry of a corrected sentencing order.[4]

**JUDGMENT AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND REMANDED FOR ENTRY OF A CORRECTED SENTENCING ORDER**.

---

[3] Section 902.8 provides:

> An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of the person's conviction. A person sentenced as an habitual offender shall not be eligible for parole until the person has served the minimum sentence of confinement of three years.

Section 902.9(1)(c) provides "an habitual offender shall be confined for no more than fifteen years."

[4] *See State v. McLachlan*, 880 N.W.2d 513, 516 n.5 (Iowa Ct. App. 2016)