# IN THE SUPREME COURT OF IOWA

No. 18–1985

Filed March 12, 2020

**JESUS LOZANO CAMPUZANO,**

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR POLK COUNTY,**

Defendant.

---

Certiorari to the Iowa District Court for Polk County, Jeffrey Farrell, Judge.

The criminal defendant petitioned for a writ of certiorari after the district court denied his motion to correct an illegal sentence. **WRIT ANNULLED.**

Philip B. Mears of Mears Law Office, Iowa City, for plaintiff.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for defendant.

**CHRISTENSEN, Chief Justice.**

In this case, the criminal defendant pled guilty to possession of methamphetamine with intent to deliver and to possession or control of a firearm. His guilty plea to the firearm charge enhanced the drug charge by doubling his maximum sentence from twenty-five years to fifty years. A few months after the criminal defendant's sentencing, the Iowa legislature amended Iowa Code section 124.413 and created section 901.12. The criminal defendant filed a motion to correct an illegal sentence, arguing section 901.12 reduced his minimum period of confinement by one-half. In denying the criminal defendant's motion, the district court determined a person sentenced pursuant to the firearm enhancement was not eligible to receive the one-half reduction. The criminal defendant petitioned for a writ of certiorari, and we granted certiorari review.

Upon our review, we interpret sections 124.413 and 901.12 to reduce the minimum period of confinement for specific drug crimes without affecting the minimum period of confinement for drug crimes committed while in the possession of a firearm. We annul the writ.

## I. Background Facts and Proceedings.

On April 5, 2016, Jesus Lozano Campuzano pled guilty to possession of methamphetamine with intent to deliver, in violation of Iowa Code section 124.401(1)(*b*)(7) (2014). He also pled guilty to possession or control of a firearm, in violation of Iowa Code section 124.401(1)(*e*). Lozano Campuzano requested immediate sentencing that same day. A violation of section 124.401(1)(*b*)(7) is a class "B" felony, which normally carries a maximum sentence not to exceed twenty-five years. *See* Iowa Code § 902.9(1)(*b*). However, the twenty-five-year maximum sentence was doubled by his guilty plea to the firearm charge:

> A person in the immediate possession or control of a firearm while participating in a violation of this subsection *shall be sentenced to two times the term otherwise imposed by law*, and no such judgment, sentence, or part thereof shall be deferred or suspended.

*Id.* § 124.401(1)(*e*) (emphasis added). In accordance with Iowa law, the district court sentenced Lozano Campuzano to a period of imprisonment not to exceed fifty years. It determined Iowa Code section 124.413 imposed a minimum period of confinement of one-third of the fifty-year sentence. *See* Iowa Code § 124.413(1).[1] Lozano Campuzano's minimum period of confinement was further reduced by one-third because of his guilty plea. *See* Iowa Code § 901.10(2).[2] The district court denied probation and Lozano Campuzano was committed to the custody of the Iowa Department of Corrections (DOC).

For each offender in custody, DOC creates a time computation portfolio that estimates the minimum parole date and the tentative discharge date. The minimum parole date is a calculated date of when the mandatory period of confinement ends. Prior to the passage of House File 2064, which amended Iowa Code section 124.413 and created section 901.12, DOC calculated Lozano Campuzano would be eligible for parole approximately five years after his confinement began. The parties do not dispute the DOC calculation expressed below:

---

[1]At the time of sentencing, Iowa Code section 124.413(1) stated,

> A person sentenced pursuant to section 124.401, subsection 1, paragraph "*a*", "*b*", "*c*", "*e*", or "*f*", shall not be eligible for parole until the person has served a minimum period of confinement of one-third of the maximum indeterminate sentence prescribed by law.

[2]Iowa Code section 901.10(2) states, "If the defendant pleads guilty, the court may, at its discretion, reduce the mandatory minimum sentence by up to one-third."

| Confinement Calculation | Iowa Code Section |
|---|---|
| 25 year maximum | 902.9(1)(*b*) (class "B" felony) |
| 25 x 2 = 50 year maximum | 124.401(1)(*e*) (firearm enhancement) |
| 50 x (1/3) ≈ 17 year minimum | 124.413(1) (1/3 minimum period) |
| 17 – (17 x 1/3) ≈ 11 year minimum | 901.10(2)<br>(1/3 reduced minimum for guilty plea) |
| 11 x (1/2.2) ≈ 5 year minimum | 903A.2(1)(*a*)<br>(anticipated earned good time) |

The dispute in this case concerns the new section 901.12 and whether it applies to Lozano Campuzano's firearm enhancement. Section 901.12 amended Iowa law by retroactively reducing particular mandatory sentences by one-half. *See* 2016 Iowa Acts ch. 1104, § 7 (codified at Iowa Code § 901.12 (2017)).

Lozano Campuzano filed a motion to correct an illegal sentence, arguing section 901.12 reduced his minimum period of confinement by one-half. If true, Lozano Campuzano would be eligible for parole approximately two-and-a-half years (instead of five years) after his confinement. The district court denied Lozano Campuzano's motion to correct an illegal sentence. It reasoned his firearm-enhanced sentence was not eligible for the one-half reduction.

Lozano Campuzano petitioned for a writ of certiorari. We granted certiorari review.

## II. Standard of Review.

This case is before us as an original certiorari action. *See* Iowa R. App. P. 6.107(1). Therefore, we review the district court's ruling for correction of errors at law. *State v. Iowa Dist. Ct.*, 812 N.W.2d 1, 2 (Iowa 2012); *Weissenburger v. Iowa Dist. Ct.*, 740 N.W.2d 431, 434 (Iowa 2007).

> A writ of certiorari lies where a lower board, tribunal, or court has exceeded its jurisdiction or otherwise acted illegally. . . . "Illegality exists when the court's findings lack substantial

evidentiary support, or when the court has not properly applied the law."

*Weissenburger*, 740 N.W.2d at 434 (quoting *State Pub. Def. v. Iowa Dist. Ct.*, 721 N.W.2d 570, 572 (Iowa 2006)). Because Lozano Campuzano does not allege his sentence was unconstitutional, we review the legality of his sentence for correction of errors at law. *See State v. Zarate*, 908 N.W.2d 831, 840 (Iowa 2018).

### III. Analysis.

The sole issue is whether Lozano Campuzano's minimum period of confinement is eligible for the one-half reduction provided by section 901.12. His minimum period of confinement is established by section 124.413(1), which states,

> Except as provided in subsection 3 and sections 901.11 and 901.12, a person sentenced pursuant to section 124.401, subsection 1, paragraph "*a*", "*b*", "*c*", "*e*", or "*f*", shall not be eligible for parole or work release until the person has served a minimum term of confinement of one-third of the maximum indeterminate sentence prescribed by law.

Iowa Code § 124.413(1) (2017).[3] Section 124.413(3), in turn, reduces this minimum period of confinement.

> A person serving a sentence pursuant to section 124.401, subsection 1, paragraph "*b*" or "*c*", shall be denied parole or work release, based upon all the pertinent information as determined by the court under section 901.11, subsection 1, until the person has served between one-half of the minimum term of confinement prescribed in subsection 1 and the maximum indeterminate sentence prescribed by law.

---

[3]The State points out House File 2064 amended section 124.413(1), yet the legislature chose not to remove the one-third mandatory minimum requirement for firearm-enhancement sentences under paragraphs (*e*) and (*f*).

*Id.* § 124.413(3). Relevant here, the new section 901.12 retroactively reduces the minimum period of confinement by one-half for sentences under specific convictions.[4]

> Effective July 1, 2016, and notwithstanding section 124.413, a person whose *sentence* commenced prior to July 1, 2016, for a *conviction* under section 124.401, subsection 1, paragraph "*b*", or "*c*", who has not previously been convicted of a forcible felony, and who does not have a prior conviction under section 124.401, subsection 1, paragraph "*a*", "*b*", or "*c*", shall first be eligible for parole or work release after the person has served one-half of the minimum term of confinement prescribed in section 124.413.

Iowa Code § 901.12(1) (emphasis added). Lozano Campuzano was sentenced prior to July 1, 2016. He argues section 901.12 is unambiguous because its express terms allow for a reduced minimum period of confinement when a person is sentenced for a conviction under section 124.401(1)(*b*), which he argues he was. It is the State's position Lozano Campuzano was convicted and sentenced under paragraph (*e*); therefore, he is not eligible for the one-half reduction because the express language of section 901.12 does not include a conviction under paragraph (*e*).

Resolution of this issue depends upon the interpretation of statutes. "When interpreting statutes, we attempt to harmonize all relevant legislative enactments" in order to give meaning to all, if possible. *State v. Albrecht*, 657 N.W.2d 474, 479 (Iowa 2003). The chief argument for each party claims the express, unambiguous language of House File 2064 favors their respective position. To that extent, we agree each position is a reasonable understanding as to the meaning of House File 2064's provisions. *See State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018) ("A

---

[4]House File 2064 also created new section 901.11, which outlines pertinent information to be considered by the district court when determining parole eligibility. *See* Iowa Code § 901.11.

statute is ambiguous 'if reasonable minds could differ or be uncertain as to the meaning of the statute.' " (quoting *Rolfe State Bank v. Gunderson*, 794 N.W.2d 561, 564 (Iowa 2011))).

In this case, ambiguity arises from the general scope and meaning of House File 2064's provisions in its totality. *See McGill v. Fish*, 790 N.W.2d 113, 118 (Iowa 2010) ("An ambiguity in a statute can arise in two ways. First, it may arise from the meaning of particular words in the statute. Second, it may arise from the general scope and meaning of a statute in its totality." (Citations omitted.)). When ambiguity exists, we search for meaning by contemplating legislative intent; " 'object sought to be attained'; 'circumstances under which the statute was enacted'; 'legislative history'; 'common law or former statutory provisions, including laws upon the same or similar objects'; and 'consequences of a particular construction.' " *Lopez*, 907 N.W.2d at 117 (quoting Iowa Code § 4.6). Additionally, we interpret a statute in a way that avoids impractical or absurd results. *Albrecht*, 657 N.W.2d at 479.

A question we must first answer is under what paragraph was Lozano Campuzano convicted and sentenced? We conclude he was convicted and sentenced under paragraphs (*b*) and (*e*). Count II of the three-count trial information charged Lozano Campuzano with possession of a controlled substance with intent to deliver and with the immediate possession or control of a firearm. He later pled guilty to both charges in count II. The plea and sentencing order specifically noted Lozano Campuzano was pleading guilty to a violation of paragraphs (*b*) and (*e*). Had Lozano Campuzano not pled guilty to paragraph (*e*), the State would be required to prove he was "in the immediate possession or control of a firearm." Iowa Code § 124.401(1)(*e*) (2014).

We have previously concluded, "The firearm enhancement statute, section 124.401(1)(*e*), requires proof that the defendant had 'immediate possession or immediate control' of a firearm." *State v. Reed*, 875 N.W.2d 693, 708 (Iowa 2016) (quoting *State v. McDowell*, 622 N.W.2d 305, 307 (Iowa 2001) (en banc)). In *Reed*, the defendant was charged with possession of crack cocaine with intent to deliver while in possession or control of a firearm in violation of Iowa Code section 124.401(1)(*b*)(3) and section 124.401(1)(*e*). *Id.* at 698. The jury found Reed guilty on all charges. *Id.* at 701.

On further review, he challenged whether the evidence was sufficient to prove constructive possession of the drugs or the firearms. *Id.* at 705. We affirmed in part and reversed in part the district court judgment. *Id.* at 711. We affirmed Reed's conviction for possession of crack cocaine with intent to deliver under section 124.401(1)(*b*)(3) because the evidence was sufficient to uphold the guilty verdict. *Id.* at 703, 711. However, we reversed the "judgment of conviction for possession of a firearm and resulting sentence enhancement under Iowa Code section 124.401(1)(*e*)" because the evidence was insufficient to prove constructive possession of a firearm. *Id.* at 711. Reed was resentenced "in the absence of a finding that [he] had immediate possession or control of a firearm." *Id.* at 710 (quoting *McDowell*, 622 N.W.2d at 307).

The district court in this case found a factual basis for Lozano Campuzano's guilty plea to both paragraph (*b*) and (*e*) and that the plea was knowing and voluntary. Therefore, it was required to consider paragraph (*b*)'s twenty-five-year sentence and paragraph (*e*)'s enhancement of "two times the term otherwise imposed by law." Iowa Code § 124.401(1)(*e*). The result is Lozano Campuzano's enhanced fifty-year sentence for a conviction under paragraphs (*b*) and (*e*).

The next question we must answer is whether Lozano Campuzano's one-third minimum period of confinement pursuant to a conviction under paragraphs (*b*) and (*e*) is eligible for the one-half reduction provided by section 901.12. We conclude sections 124.413 and 901.12 are meant to reduce the minimum period of confinement for specific criminal drug offenses but not for a sentence pursuant to a firearm-enhancement conviction.

Prior to the 2016 amendments, a person sentenced under section 124.401(1) paragraph (*a*), (*b*), (*c*), (*e*), or (*f*) was subject to a one-third minimum period of confinement. *See* Iowa Code § 124.413(1) (2016). Notably, paragraphs (*a*), (*b*), and (*c*) refer to criminal drug sentences and paragraphs (*e*) and (*f*) refer to firearm or offensive weapon sentences. *Id.* § 124.401(1). House File 2064's legislative changes left the structure of that mandatory minimum scheme untouched. If the legislature sought to remove the firearm or offensive weapons sentences from the one-third mandatory period of confinement, that would have been the time to do so.

Instead, House File 2064 made the one-third minimum period of confinement pursuant to section 124.413(1) the main rule:

> *Except as provided in subsection 3 and sections 901.11 and 901.12,* a person sentenced pursuant to section 124.401, subsection 1, paragraph "*a*", "*b*", "*c*", "*e*", or "*f*", shall not be eligible for parole or work release until the person has served a minimum period of confinement of one-third of the maximum indeterminate sentence prescribed by law.

Iowa Code § 124.413(1) (2017) (emphasis added). The 2016 legislation added the "except as provided" language, which indicates a person must serve a minimum period of confinement unless one of the new exceptions apply. The new exceptions expressly include paragraphs (*b*) and (*c*); notably, neither paragraph (*e*) nor (*f*) is included as an exception to the

main rule. *See id.* § 124.413(3);[5] *id.* § 901.12(1).[6] The lack of reference to paragraph (*e*) or (*f*) in either exception is significant. "[L]egislative intent is expressed by omission as well as by inclusion, and the express mention of one thing implies the exclusion of others not so mentioned." *Kucera v. Baldazo,* 745 N.W.2d 481, 487 (Iowa 2008) (quoting *Meinders v. Dunkerton Cmty. Sch. Dist.,* 645 N.W.2d 632, 637 (Iowa 2002)). This interpretive axiom cuts against Lozano Campuzano's position twice over. The section imposing a minimum period of confinement expressly mentions sentences pursuant to paragraphs (*a*), (*b*), (*c*), (*e*), and (*f*), while the exceptions to a minimum period of confinement expressly include paragraphs (*b*) and (*c*) to the implied exclusion of (*a*), (*e*), and (*f*).

This interpretation is further supported by the actions of the Iowa legislature following House File 2064. A year after House File 2064, the legislature amended section 124.413(1) and its exceptions. *See* 2017 Iowa Acts ch. 122, §§ 10, 11, 13, 14, 15. The amendment removed paragraph (*c*) from the one-third minimum period of confinement. Iowa Code § 124.413(1) (2018); *id.* § 901.12(2). Even as the legislature removed paragraph (*c*), it did not strike paragraph (*e*) or (*f*) from the required minimum period of confinement. *Id.* § 124.413(1).

## IV. Conclusion.

We conclude sections 124.413 and 901.12 serve to reduce the minimum period of confinement for specific criminal drug offenses. A

---

[5]"A person serving a sentence pursuant to section 124.401, subsection 1, paragraph "*b*" or "*c*", shall be denied parole or work release . . . until the person has served between one-half of the minimum term of confinement prescribed in subsection 1 . . . ."

[6]"[A] person whose sentence commenced prior to July 1, 2016, for a conviction under section 124.401, subsection 1, paragraph "*b*" or "*c*". . . shall first be eligible for parole or work release after the person has served one-half of the minimum term of confinement prescribed in section 124.413."

person serving a sentence pursuant to a firearm-enhancement conviction is not eligible for the one-half reduction. Because Lozano Campuzano was convicted and sentenced pursuant to section 124.401, paragraph (*b*), as well as the firearm enhancement pursuant to section 124.401(1), paragraph (*e*), his minimum period of confinement is not eligible for the one-half reduction. Consequently, the district court properly applied the law, and we must annul the writ.

**WRIT ANNULLED.**

All justices concur except Appel and Wiggins, JJ., who dissent, and Oxley, J., who takes no part.

#18–1985, *Lozano Campuzano v. Iowa Dist. Ct.*

**APPEL, Justice (dissenting).**

Ponder this: The relevant statute is Iowa Code section 901.12(1) (2017), which states, in relevant part,

> [A] person whose sentence . . . *for a conviction* under section 124.401, subsection 1, paragraph *"b"* . . ., who has not been previously convicted of a forcible felony, and who does not have a prior conviction [under certain drug statutes] shall first be eligible for parole or work release after the person has served one-half of the minimum term of confinement prescribed in section 124.413.

(Emphasis added.)

The majority characterizes the issue here as "under what paragraph was Lozano Campuzano *convicted and sentenced*?" (Emphasis added.) But the majority's application of the facts to the statutory framework belies a misunderstanding. A sentence and a conviction are not the same thing. They are not interchangeable. They do not merge into a compound noun unrecognized in the law before today, the "conviction and sentence." The conflated term "conviction and sentence" won't be found in Words and Phrases. The question under Iowa Code section 901.12 is whether the defendant's sentence arises *from a conviction* under Iowa Code section 124.401(1)(*b*). A *sentence* is not the trigger—it is a *conviction.*

Does Lozano Campuzano's sentence arise from a conviction under Iowa Code section 124.401(1)(*b*)? Indisputably, absolutely. His sentence arises from his conviction under Iowa Code section 124.401(1)(*b*), as enhanced by Iowa Code section 124.401(1)(*e*). But a violation of Iowa Code section 124.401(1)(*e*) does not give rise to a conviction. Lozano Campuzano was not convicted of a crime under Iowa Code section 124.401(1)(*e*). He was sentenced under Iowa Code section 124.401(1)(*e*) for a conviction under Iowa Code section 124.401(1)(*b*).

Thus, Lozano Campuzano is entitled to a reduction of his sentence under Iowa Code section 901.12 because his sentence was for a conviction under Iowa Code section 124.401(1)(*b*), provided he meets the statutory requirements of no prior forcible felony or disqualifying drug conviction. It is undisputed that Lozano Campuzano meets the terms of the statute.

Nothing is to the contrary in Iowa Code section 124.413(1) as suggested in the majority opinion on page eight. Indeed, this Code provision cuts the other way because of the legislature's choice of language. Iowa Code section 124.413(1) states,

> *Except as provided in . . . section[s] . . . 901.12,* a person sentenced pursuant to section 124.401, subsection 1, paragraph "*a*", "*b*", "*c*", "*e*" or "*f*", shall not be eligible for parole or work release until the person has served a minimum period of confinement of one-third of the maximum indeterminate sentence prescribed by law.

(Emphasis added.)

Unquestionably, Lozano Campuzano fell within the scope of this provision as he was *sentenced* under subsections (*b*) and (*e*). Thus, he would face a minimum confinement of one-third of the maximum indeterminate sentence unless he escapes the provision "except as provided in subsection 901.12." And Lozano Campuzano does just that. He qualifies under section 901.12 because he was *convicted* under Iowa Code section 124.401(1)(*b*).

As is apparent under the above analysis, the majority opinion is flawed because it conflates the term sentence with conviction. Once that conflation is resolved, it is clear under the plain meaning of Iowa Code section 901.12, Lozano Campuzano qualifies for the sentence reduction.

It may be, of course, that there are policy reasons for the majority position. But we must take the language given us from the legislature, not revise and embellish it. "We do not inquire what the legislature meant; we

ask only what the statute means." *State v. Nicoletto*, 845 N.W.2d 421, 431 (Iowa 2014) (quoting *State v. Brustkern*, 170 N.W.2d 389, 392 (Iowa 1969)), *superseded by statute on other grounds*, 2014 Iowa Acts ch. 1114, § 1 (codified at Iowa Code § 709.15(*f*) (2015)).  I therefore respectfully dissent.

Wiggins, J., joins this dissent.