### Troy J. MEINDERS, Appellant,

### v.

### DUNKERTON COMMUNITY SCHOOL DISTRICT and Richard J. Wede, Appellees.

### No. 00–1867.

Supreme Court of Iowa.

June 12, 2002.

---

James L. Sayre of James L. Sayre, P.C., Des Moines, for appellant.

Beth E. Hansen and James DeKoster of Swisher & Cohrt, P.L.C., Waterloo, for appellees.

LAVORATO, Chief Justice.

Troy J. Meinders appeals from a district court ruling dismissing his action against the Dunkerton Community School District (School District) and Richard J. Wede for their alleged negligence in offering him an unsigned contract for employment as a school teacher and coach in violation of Iowa Code section 279.13 (1999). We affirm the district court ruling on the ground that section 279.13 does not expressly or implicitly create a private cause of action.

## I. Scope of Review.

Iowa Rule of Civil Procedure 1.954 (formerly Iowa Rule of Civil Procedure 222) allows any party, at any time, on motion, to have any judgment to which the party is entitled under the uncontroverted facts stated in all the pleadings. The function of such a motion is to test the sufficiency of the pleadings to present appropriate issues for trial. *Roush v. Mahaska State Bank*, 605 N.W.2d 6, 8 (Iowa 2000). The district court should only grant the motion if the pleadings, taken alone, entitle a party to judgment. *Id.* at 8–9. We review a grant of judgment on the pleadings for correction of errors at law. Iowa R.App. P. 6.4 (formerly Iowa R.App. P. 4); *Roush*, 605 N.W.2d at 8.

## II. Facts.

The facts as set forth in the petition are as follows. On May 27, 2000, Meinders had an interview with Wede, superintendent of the School District, concerning employment with the School District as both a teacher and coach. At that time, Wede presented Meinders two separate contracts of employment. One was for employment as a teacher for the 2000–2001 school year, at a salary of $28,196. The other was for employment as assistant vol-

leyball coach for the same period at a salary of $1,507.

Iowa Code section 279.13 requires that such contracts be signed by the president of the board of directors of the school district involved when such contracts are tendered to a prospective employee. Here, the two contracts in question were not signed by the president of the School District's board of directors when Wede tendered the contracts to Meinders

A short time later, Wede informed Meinders that he had decided not to present the two contracts to the School District's board and that the School District would not employ him for the 2000–2001 school year.

## II.   Proceedings.

In July 2000, Meinders sued the School District and Wede. The petition alleged that had the defendants complied with section 279.13, the two contracts would have been legally binding when signed by Meinders. The petition further alleged that failure on the part of the defendants to comply with section 279.13 caused Meinders damages in the amount of $29,703, the total amount represented by the two contracts.

The defendants' answer admitted all of the allegations of Meinders' petition except that the defendants denied that Wede *tendered* the two contracts to Meinders. Apparently, the reason for this denial is that "tendered" is a legal term of art meaning "an offer put forward for acceptance." Black's Law Dictionary 1480 (7th ed.1999).

Meinders moved for judgment on the pleadings on the ground that the admissions in the defendants' answer conclusively established that the defendants did not comply with Iowa Code section 279.13. Meinders alleged in his motion that under section 279.13 the defendants had a duty to

tender him contracts signed by the president of the board of directors of the School District, the defendants breached that duty, and such breach caused him damages as he alleged in his petition.

The defendants filed a resistance to the motion together with a cross-motion for judgment on the pleadings against Meinders. In their resistance, the defendants alleged that the unsigned documents that were presented to Meinders could not have constituted tendered contracts under Iowa Code section 279.13. The defendants also alleged that as a matter of law the defendants had no duty to tender a signed contract to Meinders.

In their cross-motion, the defendants alleged that (1) the contracts, which Meinders admitted were unsigned, cannot be construed as tendered contracts under section 279.13; (2) the defendants had no legal duty to tender a signed contract to Meinders; and (3) Meinders claimed damages only for economic loss in the amount represented by the contracts, damages that cannot be recovered in a negligence action.

The district court granted no relief on Meinders' motion, stating that Meinders had presented no brief in support of his motion and no case law to support his theories. The court granted the defendants' cross-motion for judgment on the pleadings on the ground that the damages Meinders alleged constituted economic loss damages, which as a matter of law are not recoverable in a negligence action.

Meinders appeals.

## III.   Issues.

Meinders contends the district court erred in granting the defendants' motion for judgment on the pleadings and dismissing his petition. Specifically, he argues that the economic loss doctrine, relied on

by the district court, does not apply in this case.

The defendants argue that the economic loss doctrine applies in this case and precludes recovery. In the alternative, the defendants argue that they had no legal duty to Meinders under section 279.13. Even if section 279.13 imposes a duty, violation of the duty does not give rise to a private cause of action because chapter 279 does not explicitly or implicitly create such an action.

Because we agree there is no express or implied cause of action under chapter 279, we limit our discussion to this issue, which both parties on appeal have addressed. Although the district court did not base its decision on this ground, we think the issue was sufficiently urged by the defendants in their cross-motion for judgment on the pleadings by the defendants' contention they had no legal duty to Meinders to tender a signed contract under section 279.13. *See Interstate Power Co. v. Ins. Co. of N. Am.,* 603 N.W.2d 751, 756 (Iowa 1999) ("It is established that a successful party in the district court may, without appealing, save the judgment in whole or in part based on grounds urged in the district court but not included in that court's ruling.").

### III. Express or Implied Contract.

A. **Applicable law.** Iowa Code section 279.13 provides in relevant part:

1. Contracts with teachers, which for the purpose of this section means all licensed employees of a school district and nurses employed by the board, excluding superintendents, assistant superintendents, principals, and assistant principals, shall be in writing and shall state the number of contract days, the annual compensation to be paid, and any other matters as may be mutually agreed upon. The contract may include

employment for a term not exceeding the ensuing school year, except as otherwise authorized.

The contract is invalid if the teacher is under contract with another board of directors to teach during the same time period until a release from the other contract is achieved. *The contract shall be signed by the president of the board when tendered, and after it is signed by the teacher, the contract shall be filed with the secretary of the board before the teacher enters into performance under the contract.*

Iowa Code § 279.13 (emphasis added).

B. **Analysis.** Meinders contends the italicized language imposes a duty on the defendants to refrain from tendering contracts to prospective employees, like him, unless such contracts are first signed by the president of the school board. The statute therefore sets a standard of conduct for the protection of such prospective employees and a breach of that standard is actionable as negligence per se. The purpose of this provision, Meinders points out, is to ensure that the prospective employee is in receipt of a binding offer when the contract is tendered to him.

We have held that a "violation of a statutory duty gives rise to a tort claim only when the statute, explicitly or implicitly, provides for such a cause of action." *Kolbe v. State,* 625 N.W.2d 721, 726 (Iowa 2001) (quoting *Sanford v. Manternach,* 601 N.W.2d 360, 371 (Iowa 1999)). Without such a provision, the violation of a statutory duty does not give rise to a private cause of action. *Id.*

There is no provision in Iowa Code chapter 279 expressly providing a cause of action for violation of section 279.13. We must therefore employ the following four-factor test to determine whether a private

cause of action against the defendants may be implied from section 279.13:

1. Is the plaintiff a member of the class for whose benefit the statute was enacted?
2. Is there any indication of legislative intent, explicit or implicit, to either create or deny such a remedy?
3. Would allowing such a cause of action be consistent with the underlying purpose of the legislation?
4. Would the private cause of action intrude into an area over which the federal government or a state administrative agency holds exclusive jurisdiction?

*Id.* at 726–27 (citations omitted).

There is no implied cause of action if *any* one of these factors is not satisfied. *Id.* at 727. Because the fourth factor is not implicated here, it plays no part in our analysis.

As for the first factor, we can certainly agree that one of the purposes of the statutory requirement—the contract be signed by the board president when tendered to the prospective employee—is for the protection of such employee. The requirement dictates that the board be the offeree. What happened here turns the requirement on its head. Instead of the board being the offeree, Meinders was the offeree. In such circumstances, prospective employees like Meinders would be in danger of precluding themselves from accepting other favorable employment until the board either accepts or rejects the offer. We conclude the first factor is satisfied: Meinders is a member of the class for whose benefit section 279.13 was passed.

As for the second factor, there is no express indication in Iowa Code chapter 279 of legislative intent to create a private cause of action, i.e., recovery of money damages for a violation of section 279.13. We therefore turn to whether there is any indication of legislative intent to implicitly create such an action.

The only remedies chapter 279 provides are those dealing with termination of a teacher's continuing contract. *See* Iowa Code §§ 279.13(2) (providing for automatic renewal of teacher's contract); 279.15 (providing procedure for recommending termination of teacher's continuing contract); 279.16 (providing for hearing regarding termination recommendation); 279.17 (providing for appeal of decision terminating teacher's continuing contract to adjudicator who "*may* affirm board action or remand to the board for further proceedings"; adjudicator "*shall* reverse, modify, or grant any appropriate relief from the board action if substantial rights of the teacher have been prejudiced" because board action is "[i]n violation of a board rule or policy, or *contract*" or "[u]nsupported by a preponderance of the competent evidence in the record" before the board or "[u]nreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion" (emphasis added)); 279.18 (providing that either party may appeal arbitrator's decision to district court if such party has rejected arbitrator's decision; district court "*shall* reverse, modify, or grant any other appropriate relief from the board decision or the adjudicator's decision equitable or legal and including declaratory relief if substantial rights of the petitioner have been prejudiced because of" several enumerated grounds, including, "violation of a board rule, or policy or *contract*" (emphasis added)).

There is no mention of a money damage remedy based on tort for a violation of the requirement in section 279.13 regarding a tender of a signed contract to a prospec-

tive employee. By not including such a remedy, we think the legislature has signaled its intention not to provide a private cause of action for a violation of section 279.13.

In two of our cases we have similarly concluded that by providing specific remedies for violation of a statute without providing a private cause of action for its violation, the legislature intended to exclude such a remedy. *See Sanford,* 601 N.W.2d at 371 (legislature's listing of relief in postconviction relief statute that did not include money damage remedy for violation of good-conduct time statute signaled legislature's intention not to allow a private cause of action for the violation); *Marcus v. Young,* 538 N.W.2d 285, 289–90 (Iowa 1995) (by providing a number of remedies for violation of Iowa Code chapter 22—the open records law—the legislature intended not to allow a private cause of action for the violation). In reaching this conclusion in these cases, we relied on the statutory construction rule of "expressio unius est exclusio alterious"—expression of one thing is the exclusion of another. *Sanford,* 601 N.W.2d at 371–72; *Marcus,* 538 N.W.2d at 289. This rule recognizes that "legislative intent is expressed by omission as well as by inclusion, and the express mention of one thing implies the exclusion of others not so mentioned." *Marcus,* 538 N.W.2d at 289.

Even were we to say that recognition of a private cause of action would be consistent with section 279.13—the third factor of the test—the lack of any sign that the legislature intended to create such an action is fatal to Meinders' case. We therefore conclude the district court correctly granted the defendants' motion for judgment on the pleadings, although on a ground urged but not decided by the court.

## V. Disposition.

Because the district court was correct in its ruling, we affirm.

**AFFIRMED.**