# IN THE COURT OF APPEALS OF IOWA

No. 23-1427
Filed July 3, 2024

MIDAMERICAN ENERGY COMPANY,
    Plaintiff-Appellant,

vs.

KNIFE RIVER MIDWEST, LLC, d/b/a KNIFE RIVER,
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

Plaintiff appeals the district court decision granting defendant's motion to dismiss for failure to state a claim upon which relief may be granted. **AFFIRMED.**

Anthony R. Epping of Epping Law Office, P.C., Des Moines, for appellant.

Stella Maris Strohman of Grefe & Sidney, P.L.C., Des Moines, for appellee.

Heard by Bower, C.J., Tabor, Schumacher, Ahlers, Badding, Chicchelly, Buller, and Langholz, JJ, but decided by Tabor, P.J., Schumacher, Ahlers, Badding, Chicchelly, Buller, and Langholz, JJ, and Bower, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**SCHUMACHER, Judge.**

MidAmerican Energy Company (MidAmerican Energy) filed this action claiming Iowa Code chapter 480 (2022) provided a private cause of action. The district court granted a pre-answer motion to dismiss filed by Knife River Midwest, LLC (Knife River). As we conclude that chapter 480 does not provide for a private cause of action, we affirm the district court.

## I.     Background Facts & Proceedings

In this appeal, we are asked to determine whether Iowa Code chapter 480 allows for a private cause of action. This issue came before the district court on a pre-answer motion to dismiss surrounding a dispute between MidAmerican Energy and Knife River.

On a motion to dismiss, we accept the facts set out in the party's petition as true. *White v. Harkrider*, 990 N.W.2d 647, 650 (Iowa 2023). From MidAmerican Energy's petition, we accept these facts. Knife River is an excavator, as defined by section 480.1(5), engaged in the business of excavation, as defined by section 480.1(4). On October 17, 2017, Knife River damaged a gas main located in Sioux City. On October 31, Knife River submitted a locate request, stating it planned to begin excavation at a location in Sioux City on November 1. Instead, Knife River began that excavation on October 31.

MidAmerican Energy filed a petition on August 29, 2022, seeking damages for the broken gas main. It also sought damages on the ground that Knife River

violated section 480.4 by not submitting a locate request at "least forty-eight hours prior to the commencement of the excavation."[1]

Knife River filed a pre-answer motion to dismiss, asserting MidAmerican Energy's petition failed to state a claim upon which relief may be granted. *See* Iowa R. Civ. P. 1.421(1)(f). Knife River claimed, "Iowa Code chapter 480 does not provide an express or implied right for a private cause of action for money damages." MidAmerican Energy resisted the motion, and Knife River replied to the resistance.

The district court found MidAmerican Energy was a member of the class for whose benefit chapter 480 was created. But the court determined that chapter 480 does not explicitly or implicitly express an intent to create a private cause of action. The court noted the provision for civil penalties under section 480.6 and injunctions under section 480.7, but the court also highlighted a lack of a provision for money damages. The court concluded chapter 480 did not create a private cause of action and therefore the petition failed to state a claim upon which relief could be

---

[1] Section 480.4(1)(a) provides,

> Except as otherwise provided in this section, prior to any excavation, an excavator shall contact the notification center and provide notice of the planned excavation. This notice must be given at least forty-eight hours prior to the commencement of the excavation, excluding Saturdays, Sundays, and legal holidays. Notices received after 5:00 p.m. shall be processed as if received at 8:00 a.m. the next business day. The notice shall be valid for twenty calendar days from the date the notice was provided to the notification center. If all locating and marking of underground facilities is completed prior to the expiration of the forty-eight-hour period, the excavator may proceed with excavation upon being notified by the notification center that the locating and marking of all underground facilities is complete. The notification center shall establish a toll-free telephone number to allow excavators to provide the notice required pursuant to this subsection.

granted. The court granted Knife River's motion to dismiss. MidAmerican Energy appeals.

## II. Standard of Review

A district court's ruling on a motion to dismiss is reviewed for the correction of errors at law. *Nahas v. Polk Cnty.*, 991 N.W.2d 770, 775 (Iowa 2023). A motion to dismiss under rule 1.421(1)(f) should be granted "only if the petition on its face shows no right of recovery under any state of facts." *Id.* at 776 (citation omitted). "A party is entitled to dismissal only if the petition shows the claim or claims are legally deficient and the plaintiff has no right of recovery as a matter of law." *White*, 990 N.W.2d at 650. A motion to dismiss may be granted when an action is based on a statute that does not create a private cause of action. *See Sanford v. Manternach*, 601 N.W.2d 360, 372 (Iowa 1999) (affirming dismissal on the ground a petition failed to state a claim upon which relief could be granted when it was based on a statute that did not create a private cause of action).

## III. Legal Analysis

To determine whether a private cause of action may be implied from a statute that does not expressly authorize such an action, courts use a four-part test: (1) "is the plaintiff 'one of the class for whose benefit the statute was created'"; (2) "is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one"; (3) "is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff"; and (4) "is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?" *Seeman v. Liberty Mut. Ins. Co.*, 322 N.W.2d 35, 38 (Iowa

1982) (citations omitted). The fourth element has more recently been stated as, "whether 'the implication of a private cause of action [will] intrude into an area over which the federal government has exclusive jurisdiction or which has been delegated exclusively to a state administrative agency.'" *Est. of McFarlin v. State*, 881 N.W.2d 51, 57 (Iowa 2016) (quoting *Shumate v. Drake Univ.*, 846 N.W.2d 503, 508 (Iowa 2014)).

For the first element, we note chapter 480 is part of the Iowa Code dealing with public utilities. The chapter applies to all excavations. Iowa Code § 480.1A. Section 480.4(1)(a) requires that before an excavation, an excavator must "contact the notification center and provide notice of the planned excavation." Following notification, an operator locates and marks underground facilities.[2] Iowa Code § 480.4(3)(a). These markings seek to avoid damage to the underground facilities. *See id.*; *BP Pipelines (N.Am.) Inc. v. Bockenstedt*, No. 08-1681, 2009 WL 1913688, at *3 (Iowa Ct. App. July 2, 2009) ("The excavator is then required to use due care in excavating in the marked area to avoid damaging the underground facility."). The statute was enacted to benefit excavators, such as Knife River, and operators, such as MidAmerican Energy.[3] *See BP Pipelines*, 2009 WL 1913688, at *3 ("Accurate location and marking is crucial to minimize potential damage to both the underground facility and the excavation equipment.").

---

[2] An "operator" is "a person owning or operating an underground facility including but not limited to public, private, and municipal utilities." Iowa Code § 480.1(8). Underground facilities include pipes and lines "buried or placed below ground." *Id.* § 480.1(10).

[3] In *BP Pipelines*, "[t]he district court . . . determined the statute did not expressly or impliedly provide a private cause of action for its breach." 2009 WL 1913688, at *3 n.2. This ruling was not challenged on appeal. *Id.*

On the issue of legislative intent, "[o]ur 'central inquiry' is whether the legislature intended to create a private right to sue." *Est. of McFarlin*, 881 N.W.2d at 57 (citation omitted). "[U]nless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Shumate*, 846 N.W.2d at 510 (citation omitted).

Generally, if the legislature intends "to create a private cause of action when none previously existed," it may do so expressly. *Mueller v. Wellmark, Inc.*, 818 N.W.2d 244, 256 (Iowa 2012). In other circumstances, when the legislature "wished to provide a private damage remedy, it knew how to do so and did so expressly." *Shumate*, 846 N.W.2d at 512 (noting there are express provisions for private causes of action in chapters 216 and 216E) (citation omitted).

"Legislative intent is expressed by omission as well as by inclusion, and '[t]he express mention of certain conditions of entitlement implies the exclusion of others.'" *Baird v. Oldfield*, No. 05-2043, 2006 WL 3615053, at *2 (Iowa Ct. App. Dec. 13, 2006) (citation omitted). The Iowa Supreme Court has noted, "by providing specific remedies for violation of a statute without providing a private cause of action for its violation, the legislature intended to exclude such a remedy." *Meinders v. Dunkerton Cmty. Sch. Dist.*, 645 N.W.2d 632, 637 (Iowa 2002). Where the legislature provides for certain remedies, but not an action for money damages, the court will not "extend the statute beyond its terms by implying a private cause of action." *Sanford*, 601 N.W.2d at 371; *accord Marcus v. Young*, 538 N.W.2d 285, 289–90 (Iowa 1995) (noting the legislature provided a number of remedies for

violations of chapter 22 but not an action for money damages and finding the chapter does not provide for a private remedy).

There are two sections of chapter 480 that provide remedies. Section 480.6 provides:

> 1. A person who violates a provision of this chapter is subject to a civil penalty as follows:
> a. For a violation related to natural gas and hazardous liquid pipelines, an amount not to exceed ten thousand dollars for each violation for each day the violation continues, up to a maximum of five hundred thousand dollars.
> b. For a violation related to any other underground facility, an amount not to exceed one thousand dollars for each violation for each day the violation continues, up to a maximum of twenty thousand dollars.
> 2. The attorney general, upon the receipt of a complaint, may institute any legal proceedings necessary to enforce the penalty provisions of this chapter.
> 3. All amounts collected pursuant to this section shall be remitted to the treasurer of state, who shall deposit the amount in the general fund of the state.

Also, section 480.7 provides, "Any affected person may make application to the district court for injunctive relief from any violation of this chapter."

Chapter 480 does not contain any provision for a private cause of action for money damages.[4] Under section 480.6, the attorney general may seek civil penalties for violations of the provisions in chapter 480. Members of the general public can seek an injunction under section 480.7. By including the remedies in sections 480.6 and 480.7, we conclude the legislature did not intend to provide a private cause of action for damages regarding violations of chapter 480. *See*

---

[4] By contrast, the Iowa legislature has provided a right to a private cause of action for a violation of the Iowa Consumer Fraud Act of Iowa Code 714H.5. In 2009, the legislature enacted Iowa Code chapter 714H, Consumer Fraud–Private Actions. Similar language does not appear with respect to chapter 480.

*Meinders*, 645 N.W.2d at 637; *Sanford*, 601 N.W.2d at 371; *Marcus*, 538 N.W.2d at 289–90.

MidAmerican Energy contends the language of section 480.9 shows the legislature intended to create a private cause of action for damages regarding violations of chapter 480.  Section 480.9 provides:

> An owner of farmland used in a farm operation, as defined in section 352.2, who complies with the requirements of this chapter shall not be held responsible for any damages to an underground facility, including fiberoptic cable, if the damage occurred on the farmland in the normal course of the farm operation, unless the owner intentionally damaged the underground facility or acted with wanton disregard or recklessness in causing the damage to the underground facility.  For purposes of this section, an "owner" includes a family member, employee, or tenant of the owner.

MidAmerican asserts that by providing owners of farmland are generally not liable "for any damages to an underground facility," this means other entities may be liable.  *See* Iowa Code § 480.9.

On the issue of the meaning of section 480.9, the district court stated:

> It is reasonable to believe the legislature intended to provide additional protections for owners of farmland against general negligence actions relating to damage to underground facilities and chose to do so under Chapter 480.  Establishing a different burden, duty or standard of care for owners of farmland to operators of underground facilities, however, does not implicitly create a private cause of action for any and all violations of Chapter 480.

We agree and conclude section 480.9 does not expressly or impliedly show the legislature intended to create a private cause of action for damages regarding violations of chapter 480.

If any of the four factors has not been met, there is no implied right to bring a private cause of action.  *Est. of McFarlin*, 881 N.W.2d at 57.  If one element has not been met, the court need not address the other elements.  *Id.* at 58.  The

second factor—"is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one"—has not been met, so we need not address the third or fourth factors. *See Seeman*, 322 N.W.2d at 38.

The district court properly dismissed MidAmerican's petition on the ground that "the petition on its face shows no right of recovery under any state of facts" because chapter 480 does not provide for a private cause of action for damages. *See* Iowa R. Civ. P. 1.421(1)(f). We affirm the district court's decision.

**AFFIRMED.**